Mr. Justice LipscoMB
delivered the opinion of the court.
■ This suit was brought by the appellee against the appellant to recover a certain amount alleged to be due to the appellee from the appellant’s intestate.
The substance of the petition is as follows, i. e.:
That at the fall term of the district court for Red River county, by the consideration of the said court, petitioner recovered judgment against one Adam Hampton and William D. Stuart, the latter a free man of color, for one hundred and thirty-seven dollars and fifty cents damages, and one hundred and eighty-two dollars and fifty cents costs of suit. That an execution was levied on a horse, as the property of Stuart, and sold for thirty-three dollars and thirty-three cents and purchased by the petitioner, which sum was two-thirds the appraised value of the horse; that at the time of the sale *478 Stuart was absent beyond the limits of the republic; that George Bason, wishing Stuart’s return to labor for him in his blacksmith shop, made a parol agreement with petitioner that if he would permit the said Stuart to return and labor for him, and not trouble him by means of the judgment, and would allow eighty dollars for the horse purchased at the sheriff’s sale instead of thirty-three dollars and thirty-three cents, he, Bason, would, in the course of the year 1840, pay the balance of the judgment after deducting the eighty dollars, in notes, accounts, guns, and a horse, at fair prices, to be fixed by the parties. Petitioner alleges that he acceded on his part to the terms proposed by Bason, and did allow, in part payment of the said execution, eighty dollars for the horse, and agreed to permit the said Stuart to return and work in Bason’s shop, and further agreed to receipt the balance due on said execution in the manner and time offered by the said Bason; that he did permit the said Stuart to return, and that he was not at any time interrupted by the petitioner; that Bason had not paid the said judgment according to his agreement, and that he had failed to do so; that since the death of Bason the claim had been presented to the defendant, as administratrix, for allowance, but that she had refused to allow the same as a claim against the estate of her intestate.
The administratrix admits the presentation and her refusal to allow the claim, and denies the plaintiff’s cause- of action, and claims the benefit of the statute of frauds of the 18th January, 1840, p. 28, as a defense in law.
The demurrer was overruled, and there was a verdict for the plaintiff, and judgment, and an award of execution. The appellant seeks to reverse the judgment:
1st. On the ground that the court erred in awarding an execution against the administratrix; and
2d. On the ground that the court erred in overruling the demurrer.
It will be seen by referring to the 19th and 20th sections of the act to regulate proceedings in the probate court in successions passed in 1840 (acts, p. 116), that the court clearly erred in awarding execution on the judgment. It is expressly prohibited *479 suing out execution, but the judgment is to be settled concurrently with other debts against the estate; this, however, can be corrected in this court.
The second ground relied on is one of more importance and much more difficult to be decided. It presents three questions of law arising from the facts shown on the face of the petition.
1st. Is there any consideration deemed valuable in law to sustain the agreement as it is stated?
2d. Is the agreement shown a promise to pay the debt of another?
3d. Admitting the contract should be free from the preceding objections, is there a good ground of action shown in 'the petition?
According to the order we have proposed, on the first branch <of the subject,- we shall say nothing about the sufficiency of the averments of the plaintiff in his petition to found his right of action. "We will confine ourselves to a consideration of the contract, and we understand it to be in effect this: That the plaintiff was to enter satisfaction on the judgment ihe had obtained against Hampton <& Stuart, and the defendant's intestate was to pay the amount to the plaintiff vn the course of the year 1840.
We believe the doctrines to be well settled, that to constitute a consideration valid in law, it is not essential that it should ■be mutually beneficial to the promisor and the promisee; that it is sufficient if one or the other is to receive a benefit, or to be injured by it. In Townsley v. Sumrall, 2 Pet. 182, it is said by the supreme court of the United States, u that damage to the promisee constitutes as good a consideration as benefit to the promisor.” So, too, it was held in Violett v. Patton, 5 Cranch, 142, that “ to constitute a consideration it is not absolutely necessary that a benefit should accrue to the person making the promise. It is sufficient that something valuable flows from the person to whom it is made, and that the promise is the inducement to the transaction.” This is believed to be the doctrine of the common law. 2 Bla. Com. 297; Story on Contracts, 429, 431. It is not important, it *480 seems, to inquire whether the defendant’s intestate derived any advantage from the contract; the plaintiff relinquishing his-judgment would be a sufficient consideration to support the contract.
On the second point, is the contract sued on a promise to pay the debt of another? "We have seen that at common law the contract on which this suit is brought would be supported by a valid consideration, and if the action cannot be supported, it is because it is repugnant to the statute of frauds, it not being in writing, signed by the party charged.
The first section of our statute of frauds is not materially different from the 4th section of the statute of frauds, 29 Car. 2, C. 3; indeed the statutes of most of the states, as well as our own of the republic, was borrowed from that of Car. 2. “ To answer for the debt or default of another, the promise-must be in writing, signed by the party charged.” The debt must be a subsisting debt, and the promise must be collateral to the obligation of such existing liability of another. If it, is not collateral and auxiliary to such debt, it would not be a promise to pay the debt of another, but would be an original undertaking aud not within the statute. It is essential, to bring, the contract within the statute, that the former liability should continue. If that liability is discharged by the contract, it is an original undertaking, and the promise need not be in writing. See Burge on Suretyship, 20, 21; Castlin v. Awbert, 2 East, 325; Edwards v. Kelly, 6 M. & S. 204; Kirkham v Martin, 2 B. & A. 613. If the promise is to suspend proceedings against the debtor or to forbear commencing suit, it must be in writing, because the indebtedness of the original party is not discharged, and the undertaking is for his debt, and is-collateral. In this case the contract was to enter satisfaction on the judgment, or in words to that effect. It was a contract for extinguishing the liability of Hampton & Stuart, and was not a security for them, no more so than if the defendant’s intestate had made a contract with the plaintiff for a purchase and an assignment of the judgment; and under this view the contract was valid without being in writing, and being on a consideration, as we have seen, valuable in law.
*481 It remains to inquire if the plaintiff has shown a sufficient cause of action by averring a performance on his part. The contract, it will be borne in mind, required three things to be done by the plaintiff in consideration of the promise to pay the judgment debt on the part of the intestate. He was first to credit the execution for eighty dollars on account of the horse that had been sold under it, instead of thirty-three dollars, for which sum he had bid it off. He was to permit Stuart to return, and not to molest him, on account of the judgment, and he was to receipt the execution or judgment.
There is an informal averment that the credit on account of tiie horse was allowed on the execution, but there is no averment that the judgment or the execution had been receipted for the balance due; there is an averment that the plaintiff did permit Stuart to return and work in the shop of the intestate without being disturbed. This last could not have been of any consequence, for. it does not appear that the judgment gave the plaintiff any control over the person of Stuart. The most important was the satisfaction of the judgment; unless this was done, the obligation on the part of the intestate was imperfect. As long as that judgment remained open and capable of being used against Stuart and Hampton, their debt still existed, and any agreement of the intestate for its payment would be only collateral, and to have been valid should have been in writing. His liability on his contract, .not in writing, can only be sustained by the extinguishment of the debt against Hampton and Stuart. "We believe that the petition ought to have contained the averment of a full acquittance of the original debtors, and that this defect could be reached by demurrer. The judgment must, therefore, be reversed, and, to enable the plaintiff to amend and aver satisfaction of the judgment, if consistent with the fact, the cause is remanded.