Warren v. Smith.

## HENRY J. WARREN v. JOHN SMITH.

A promise to pay the debt of another, in consideration of his release from lia-
bility, is an original contract, and is not within that clause of the statute of
frauds which relates to promises "to answer for the debt, default, or miscar-
riage of another."

It is well settled, that that clause has reference to promises which are distinctly
collateral to the undertaking of the party originally liable.

A party cannot complain of a charge, because it required proof by his adversary,
of additional facts, to those essential to maintain his side of the case.

Where the suit is upon a verbal promise to pay a particular sum, to which the
statute of frauds is relied on as the only defence, a general verdict for the
plaintiff will support a judgment for the amount claimed.

APPEAL from Bell. Tried below before the Hon. N. W. Bat-
tle. *Certiorari* from a justice's court.

This was a suit brought by John Smith against Henry J. War-
ren, an an account against him, for $27.90, as the sum of two
accounts of Smith against William Royalls, for $11.61, and John
Jackson for $16.29, respectively, which the defendant had as-
sumed to pay. The plaintiff attached to his account, as an ex-
hibit, a copy of a memorandum, containing a statement of the
said accounts of Royalls and Jackson.

It was proved on the trial, that Royalls and Jackson, as part-
ners, were at work under a contract with Warren; that they were
indebted to Smith, in the sums above named; and that it was
agreed between the parties, that Warren should settle and ac-
count with Smith. This promise was made after the accounts
were due, and the credit had been extended to them.

Another witness stated, that he had heard the defendant say
he would settle the accounts, if, upon a settlement with Roy-
alls and Jackson, he should owe them so much money. It was
proved, that Smith took the debt on Warren, and released Royalls
and Jackson. It was also proved, that Warren wrote, with a
lead pencil, upon a memorandum-book of Royalls' and Jackson's

accounts with Smith, the statement of the accounts contained in the exhibit above referred to, but did not sign it.

Two witnesses stated, that, upon a settlement between Warren and Royalls and Jackson, the accounts were included; two other witnesses expressed the same opinion, but were not certain as to the fact. The book-accounts of Royalls and Jackson showed no settlement of those accounts. On a final settlement with Warren, Jackson fell in his debt fifty cents.

The verdict of the jury was as follows; "We, the jury, find for the plaintiff, John Smith;" and upon this verdict, the court rendered judgment against the defendant, for the sum of $27.90.

*X. B. Sanders* and *E. Walker*, for the appellant.

BELL, J.—We are of opinion, that if there be any error in the instructions given by the court below, to the jury, it is error of which the appellant cannot be heard to complain. The evidence is not altogether as full and satisfactory in support of the claim of the appellee against the appellant, as it might be, but we cannot say that the jury were not warranted, by the evidence, in finding for the plaintiff. The position assumed by the appellant is, that the promise made by Warren to pay to Smith, the amounts due to Smith by Royalls and Jackson, was a promise to pay the debts of others; and, not being in writing, was within the statute of frauds. One of the witnesses testified, that Royalls and Jackson, being indebted to Smith, and being in the service of Warren, and the parties all being present, it was agreed between them, that Warren should settle the accounts due by Royalls and Jackson, to Smith. Another witness, amongst other things, stated, that "Smith took the debt on Warren, and released Royalls and Jackson." It is true, that the latter witness also stated, that Warren's promise to pay Smith, was conditional; that it was made to depend upon the contingency, that on a final settlement between Warren, and Royalls and Jackson, Warren should be indebted to them as much as they owed Smith. But the other witness stated, that Warren's promise to settle the accounts due

by Royalls and Jackson to Smith, was absolute. There was, therefore, a conflict of evidence upon this point, whether Warren's promise to pay Smith, was absolute or conditional. The jury might credit the witness who stated that the promise of Warren was an unconditional promise; and the jury might also credit the statement of the witness, that "Smith took the debt on Warren, and released Royalls and Jackson." If these two things were so; if Warren promised Smith that he would pay him what Royalls and Jackson owed him; and if Smith thereupon released Royalls and Jackson, then Smith was entitled to recover against Warren; because the undertaking of Warren, under such circumstances, is not affected by the statute of frauds.

It is well settled, that the clause of the statute of frauds, which relates to promises to answer for the debt, default, or miscarriage of another person, has reference to promises which are distinctly collateral to the undertaking of the party originally liable. If the promise to answer for the debt of another is collateral only, and if the original liability continues to subsist, the collateral promise is within the statute; but if, by the new promise, the original liability is extinguished, then the new promise is not within the statute, but is regarded as an original contract, on sufficient consideration, which need not be in writing. Mr. Parsons, in his work on Contracts, vol. 2, page 304, states the law thus: "If goods have been furnished by B. to C., and charged to the latter, and A. now becomes responsible for them, and B. thereupon discharges C., looking to A. only, and does this with the knowledge and consent of the parties, this promise of A. is to be regarded as an original promise, by way of substitution for the promise of C., which it satisfies and discharges, and not as collateral to the promise of C." See also the case of Bason v. Hughart, 2 Texas Rep. 476, where, upon careful consideration, the law is thus stated.

It is contended by the counsel for the appellant, that the court erred in framing the first instruction given to the jury, so as to submit to the jury, along with other questions, the inquiry, whether Warren was indebted to Royalls and Jackson or not, at

the time when he made the promise to Smith. This is alleged to have been error, because there was no evidence from which the jury could find that Warren was indebted to Royalls and Jackson. It is true, that the evidence is not sufficient to establish the fact of Warren's indebtedness; and the error of the court was in the latter part of the instruction, in which the jury were told that "if said facts are not in proof," meaning the fact of Warren's indebtedness to Royalls and Jackson, as well as the other facts mentioned in the instruction, they should find for the defendant. This was stating the law too strongly for the appellant, and he cannot complain of it. As was before said, if Warren promised to pay Smith, and Smith thereupon released Royalls and Jackson, that was enough to fix Warren's liability, and the instruction to the jury need have gone no further.

It is also objected by the appellant, that the verdict is too uncertain to support the judgment; but we are of opinion, that, under the circumstances of the case, the general verdict for the plaintiff was sufficient to authorize the court to render judgment for the amount of the account in controversy. The judgment of the court below is affirmed.

Judgment affirmed.