## W. A. WOODS & CO. v. E. P. DAVIS.

### (No. 675, Op. Book No. 2, p. 141.)

APPEAL from Washington County. Opinion by QUINAN, J.

§ 952. *Statute of frauds; acceptance of order.* W. & Co. sold C. a bill of lumber, and C. directed them to call on D. for the money; that D. had funds in his hands belonging to him, C. W. & Co. presented their bill for the lumber to D., who acknowledged that it was right, and that he had funds belonging to C. sufficient to pay it, and he did pay a part of the bill, promising to pay the balance at a future time. C. died, and after his death D. refused to pay the balance of the bill to W. & Co. *Held*, that the promise of D. to pay the debt was not within the statute of frauds; that it was not a promise to pay the debt of another, but his own debt. He had funds in his hands belonging to C., and for which he was responsible to pay C. He held these funds subject to C.'s order, and he accepted in effect C.'s order to pay them to W. & Co. to the amount of their bill. This case is not distinguishable from the numerous cases which hold that a verbal promise to accept a bill of exchange is not within the statute when the promisor holds funds of the drawer to meet it. "No new obligation is imposed on the promisor. He owes the drawer the amount of the fund in his hands, and by agreement with him, recognized by the payee, he pays the drawer by paying the creditor." [Browne on Stat. Frauds, § 172.] When the debtor owes a third party, and the third party owes the plaintiff, and by agreement between the three parties the defendant is to pay the amount of his debt directly to the plaintiff, although the third party remains liable to the plaintiff, the promise of the defendant, being really a promise to pay his own debt, is not required to be in writing. [Browne on Stat. Frauds, § 214; Thomp. on Verbal Agree. 511.] The case of Bason v. Hughart, 2 Tex. 476, and the

case of Warren v. Smith, 24 Tex. 484, are not analogous to this case. The question involved in those cases was whether the promise to pay the debt of another thereby extinguished the original debt, in which case it was held to be not within the statute of frauds, but an original undertaking for a valuable consideration.

June 9, 1880.    Reversed and remanded.