## W. G. RANDALL v. J. W. SMITH.

(No. 4020.)

SURETY.— Sureties on the bond of a building contractor are discharged if there is an alteration in the contract or specifications, without their consent.

CHARGE.— It is error by the charge to leave it to the jury in such a case to say what does or does not constitute a material change.

APPEAL from Dallas county. Opinion by WATTS, J.

STATEMENT.— One of the contested issues in the case as presented in the court below was as to whether or not there had been such alteration or change in the original contract made by appellee and J. A. Leonard as would release appellant, who was surety on the bond upon which this suit is based, and upon that issue the court charged the jury as follows: " If you believe from the evidence that after the execution of said contract and said agreement to said specifications, plaintiff and said J. A. Leonard made a material alteration in said contract or specifications without the consent of said W. G. Randall, then you will find for defendant Randall." This charge was excepted to by appellant, and he asked the court to further charge upon that issue as follows: " 1st. A surety is only bound by the terms of the contract which he executes, and if after the execution of the contract a material change or variation is made in the contract between the principal parties to the same, without the consent of the surety, this releases the surety from his obligation. 2d. By material change or variation as above used is meant any change enlarging or changing the time of the performance of the contract or manner of performing it, or in the material used in performing it."

These charges were refused by the court, and the refusal was excepted to and assigned as error by the appellant.

OPINION.— The objection to the charge quoted above and given by the court is because the court therein left it to the jury to determine unaided by any explanation as to what did or did not constitute a material change. See Albright

v. Corly, 40 Tex., 112. Here the appellant sought to correct the error by additional charges upon the same issue, which were refused by the court; and while it may be admitted that the charges asked and refused are not literally correct in the exposition of the law applicable to the issue, still they were sufficient to call the court's attention to the omission in the charge, and require its correction. If, as claimed, there was such change made in the original plans and specifications by appellee and Leonard, without the consent of appellant, which would in its nature require a greater length of time to complete the buildings than it would require to have completed them under the original plans and specifications, and Leonard adopted and worked upon the plans and specifications so changed and altered by him and appellee, then under the circumstances of this case appellant would have been discharged from further liability upon the bond. See Lane, Saylor & Robinson v. Scott & Culver, 57 Tex., 367.

The increased value of the material to be used, and the consequent increase in the value of the buildings on the one hand, the increased labor and expense, and consequent injury upon the other, is a sufficient consideration to sustain an agreement, such as is asserted by appellant in the answer, changing the original contract. See Bason v. Hughart, 2 Tex., 476.

REVERSED AND REMANDED.