F. E. HILL v. H. H. FROST.

(Case No. 1588.)

1. STATUTE OF FRAUDS.— If a verbal promise to pay the debt of another is merely collateral and auxiliary to the original debt, it is within the statute of frauds.
2. SAME.— An agreement to pay the debt of another cannot be enforced unless it be in writing and founded on a sufficient consideration moving between the parties.
3. DISTINGUISHED.— This case distinguished from Warren v. Smith, 24 Tex., 486, in which there was an agreement for the discharge, and thereupon a discharge of the original debtors, in consideration of the new promise of another.

APPEAL from Fort Bend. Trial below before the Hon. Wm. H. Burkhart.

Frost brought this suit against Mrs. F. E. Hill to charge her with the debt of her son, Tobe Hill.

Suit was brought in the justice court, appealed to the county court, and certified to the district court by reason of the disqualification of the county judge. Frost obtained judgment for the amount of his account, and Mrs. Hill appealed. The sole question was whether or not the evidence takes the case out of the statute of frauds.

The court instructed the jury that if they believed from the evidence that Frost was about to sue Tobe Hill, and that appellant promised to pay the debt, and that by that promise Frost was induced to stop his suit, they would find for the plaintiff. There was no knowledge brought home to Mrs. Hill that Frost was about to sue.

*W. L. Davidson,* for appellant.

WEST, ASSOCIATE JUSTICE.— There was no agreement, such as is contemplated by the statute of frauds, made by Mrs. Hill.

If she had agreed to assume the debt on condition that her son be discharged, it would be an original undertaking on her part, and would bind her, whether written or verbal.

There was no agreement to discharge her son, nor was he in law discharged. There was no contract between her and the appellee that the contemplated legal proceedings against B. G. Hill should be discontinued, and he be discharged, and the debt transferred from his to his mother's account, and she alone thereupon was to become chargeable therewith. On the contrary, it is admitted that she did not even know that the account of her son had been placed in the hands of an attorney for collection, nor did she know that the appellee had charged the account on his books so as to make it her account, and not that of B. G. Hill. Says Judge Lipscomb: "If the promise is to suspend legal proceedings against the debtor, or to forbear commencing suit, it must be in writing, because the indebtedness of the original party is not discharged, and the undertaking is for his debt and is collateral." Bason v. Hughart, 2 Tex., 480. If the promise is merely collateral and auxiliary to the original debt, it would be nothing more than a verbal agreement to pay the debt of another, and is within the statute.

The agreement to take the case out of the statute must not only be in writing, but, like any other promise binding in law, must be founded upon a sufficient consideration moving between the parties. Browne on Statute of Frauds, sec. 189. There is some doubt from the evidence whether there was any promise of any kind made by appellant. The utmost that can be said is that Mrs. Hill told appellee not to bother her son; that she would pay the debt on the 1st of April following. This was clearly a promise collateral to the existing liability of another, if it was a binding promise at all.

In Warren v. Smith, 24 Tex., 486, it is said, Judge Bell delivering the opinion of the court: "If the promise to answer for the debt of another is collateral only, and if the original liability continues to subsist, the collateral promise is within the statute; but if, by the new promise, the original liability is extinguished, then the new promise is not within the statute, but is regarded as an original contract on sufficient consideration, which need not be in writing."

Mr. Parsons, in his work on Contracts, vol. 2, p. 304, states the law thus: "If goods have been furnished by B. to C., and charged to the latter, and A. now becomes responsible for them, and B. thereupon discharges C., looking to A. only, and does this with the

*knowledge* and consent of the parties, this promise of A. is to be regarded as an original promise by way of substitution for the promise of C., which satisfies and discharges, and not as collateral to the promise of C."

· In that case the court held that there was an agreement by Warren with Smith that Royalls & Jackson should be discharged, and that on this agreement Smith, the creditor, did discharge them, and hence the liability of Warren to Smith on his promise, in consideration of which the original debtors had been discharged.

There was no such agreement or promise proved here, and the judgment is reversed and the cause remanded.

· REVERSED AND REMANDED.

[Opinion delivered February 23, 1883.]