# W. G. RANDALL vs. J. W. SMITH.

*Charges asked and refused.—Error.*—While it may be that additional charges asked upon issues, when the court has erred in its charge, are not literally correct in the exposition of the law applicable to that issue, still if they are sufficient to call the court's attention to the omission in the charge, the court should correct its error.

*Discharge of Surety.*—A surety is discharged by a valid agreement varying the original contract in any particular, made without his consent, whether the change be to his benefit or prejudice, Lane & Saylor vs. Scott & Culver, 53 Tex., 397, quoted and approved.

Appeal from Dallas County. Opinion by Watts, J.

One of the contested issues in the case as presented in the court below, was as to whether or not there had been such alteration or change in the original contract, made by appellee and J. A. Leonard, as would release appellant, who was surety on the bond upon which this suit is based; and upon that issue the court charged the jury as follows : "If you believe from the evidence, that after the execution of said contract, and said agreement to said specifications, plaintiff and said J. A. Leonard made a material alteration in said contract or specifications without the consent of said W. G. Randall, then you will find for defendant, Randall." This charge was excepted to by appellant, and he asked the court to further charge upon that issue as follows :

"1st. A surety is only bound by the terms of the contract which he executes, and if after the execution of the contract a material change or variation is made in the contract between the principal parties to the same, without the consent of the surety, this releases the surety from his obligation.

2nd. By material change or variation as above used is meant any change enlarging or changing the time of the performance of the contract or manner of performing it, or in the material used in performing it."

These charges were refused by the court, and that refusal was excepted to and assigned as error by the appellant.

The objection to the charge quoted above and given by the court, is because the court therein left it to the jury to determine, unaided by any explanation as to what did or did not constitute a material change.

In the case of Albright vs. Corly 40 Texas, 112, a charge very similar to that under consideration, was held to be error, but owing

to the case as presented by the evidence, the court said that it did not and could not operate to the injury of the party complaining. There the question was as to whether there was such deficiency in the number and value of a stock of cattle, purchased by one of the parties from the other, as would defeat a recovery upon the contract, and the court among other things charged the jury : "And if you find a deficiency in the number and value of the cattle to exist, and such deficiency was material, then you will find for the defendant." The objection was that the court did not explain to the jury what would constitute a material deficiency, and it was held that the charge in that respect was erroneous. But as the evidence showed that out of a stock of cattle represented as containing five hundred head, there was a deficiency of about three hundred head, and the verdict being in favor of the party who resisted the payment of the contract, the court held the error immaterial.

Here, however, the appellant sought to correct the error, by additional charges upon the same issue, which were refused by the court; and while it may be admitted that the charges asked and refused are not literally correct in the exposition of the law applicable to that issue, still they were sufficient to call the court's attention to the omission in the charge, and require its correction. If as claimed there was such change made in the original plans and specifications by appellee and Leonard, without the consent of appellant, which would in its nature require a greater length of time to complete the buildings than it would require to have completed them under the original plans and specifications; and that Leonard adopted and worked upon the plans and specifications so changed and altered by him and appellee, then under the circumstances of this case appellant would have been discharged from further liability upon the bond. For it is said in Lane & Saylor & Robinson vs. Scott & Culver, 57 Texas, 367, that a surety is discharged by valid agreement, made without his consent, varying the original contract in any material particular, whether the change be to his benefit or prejudice.

The increased value of the material to be used, and the consequent increase in the value of the buildings on the one hand, and the increased labor and expense, and consequent injury upon the other, is a sufficient consideration to sustain an agreement such as is asserted by appellant in the answer, changing the original contract.

Baron vs. Hughart, 2 Texas, 476.

What has been said sufficiently indicates the views of the court, in reference to the other questions presented, as to alterations in the plans and specifications by appellee and Leonard, claimed to have been made without the knowledge and consent of appellant.

We conclude that the judgment ought to be reversed and the cause remanded.

Adopted.