Opinion by
Will-son, J.
§ 436. Promise to pay the debt of another; statute of frauds as to; case stated. T. R. Reeves was indebted to Ridgell for advances and supplies furnished him to enable him to make a crop, he being Ridgell’s tenant. T. R. Reeves sold or exchanged the corn raised on the rented land to W. A. Reeves, defendant in error, and removed the same from the rented' premises. While the corn was being removed and delivered to W. A. Reeves, Ridgell informed said W. A. Reeves that he intended to sue out a distress warrant and have it levied upon said corn to secure his said debt. Ridgell testified, and so did another witness, that when W. A. Reeves was thus informed, he promised Ridgell that if he would not sue out a distress warrant against the com, he would pay the said debt due by T. R. Reeves, and that Ridgell accepted and relied upon this promise, and took no further steps to secure his debt, etc. W. A. Reeves testified that he "made no such'promise. This suit was brought in justice’s court by Ridgell, against both T. R. and W. A. Reeves, to recover said debt, and in that court Ridgell recovered judgment against both defendants for said debt. W. A. Reeves, alone, appealed to the county court, where, upon a trial de novo, he recovered judgment that Ridgell take nothing as against him, and for costs. The court charged the jury, in substance, that, in order to hold W. A. Reeves liable, it must appear by a full preponderance of evidence, that he unconditionally promised to pay the debt of T. R. Reeves, and that Ridgell agreed to look alone to said W. A. Reeves for the payment of said debt, and that if it was not agreed by said Ridgell that T. R. Reeves wras released from further liability for said debt, they must find for the defendant. This charge .is unquestionably correct when applied to the ordinary case of a *385 promise to pay the debt of another. Ordinarily, a promise to pay the debt of another cannot be enforced, unless the same, or a memorandum thereof, be in writing, and signed by the promisor, or by some person by him thereunto lawfully authorized. [R S. art. 2464.] In Bason v. Hughart, 2 Tex. 476, it is held that to bring such a promise within the statute of frauds, “the debt must be a subsisting debt, and the promise must be collateral to the obligation of such existing liability of another. If it is not collateral and auxiliary to such debt, it would not be a promise to pay the debt of another, but would be an original undertaking, and not within the statute. It is essential, to bring the contract within the statute, that the former liability should continue. If that liability is discharged by the contract, it is an original undertaking, and the promise need not be in writing. If the promise is to suspend proceedings against the debtor, or to forbear commencing suit, it must be in writing, because the indebtedness of the original party is not discharged, and the undertaking is for his debt, and is collateral.” And in Warren v. Smith, 24 Tex. 484, it is said: “If the promise to answer for the debt of another is collateral only, and if the original liability continues to subsist, the collateral promise is within the statute; but if, by the new promise, the original liability7" is extinguished, then the new promise is not within the statute, but is regarded as an original contract on sufficient consideration, which need not be in writing.” [See, also, Hill v. Frost, 59 Tex. 25; 2 Whart. Ev. §§ 880, 881; 1 Reed on Statute of Frauds, § 94; Brandt on Sur. & Guar. §48; W. & W. Con. Rep. §§ 786, 908; ante, § 247.] The charge of the court is in harmony with the above cited authorities, and if Ridgell had no other rights than those of an ordinary creditor, we would hold that the alleged promise of W. A. Reeves to him, to pay the debt due by T. R. Reeves, was a collateral undertaking, and within the statute of frauds, there being no agreement releasing T. R. Reeves from the debt.
*386 § 437. Same; when the release of a lien upon property is obtained by the promise, the statute of frauds does not apply. But Ridgell had a landlord’s lien upon the corn which W. A. Reeves received from T. R. Reeves. Having such lien, he could enforce it by a distress warrant proceeding by having the corn seized and sold to satisfy his debt. Such proceeding would, have dispossessed W. ■A. Reeves of the corn, and deprived him of the benefit, perhaps, of his purchase. Therefore, the forbearing to enforce such lien inured to the benefit of W. A. Reeves, and was a sufficient consideration to support his promise .to pay the debt secured by such lien, and to make his promise an original undertaking, not within the statute of frauds; and this is so, notwithstanding T. R. Reeves was not discharged from the debt. “ Where the promisee relinquishes a lien which inures to the promisor, the lien is, as it were, purchased, and the statute of frauds .does not apply. . . . W'here, by giving the guaranty, ■the promisor gains possession of certain goods, and the promisee gives up the latter, which he held as security, the statute of frauds does not apply.” [1 Reed on Stat. Frauds, § 131.] And “ there are some cases in which ■an oral guaranty has been sustained, though the lien given up to the plaintiff did not appear to have inured to the defendant.” And it is said that “it is enough that the promisor desires the discharge of the lien in order to become the purchaser of the goods.” [Id. §§ 134, 143. See, also, Brandt on Sur. & Guar. §§ 49, 50, 56.] In this case, it is held that the alleged promise by W. A. Reeves does not fall within the statute of frauds, and that said promise is enforceable against him, without regard to whether or not T. R. Reeves was discharged by .the contract from liability, and that the charge of the court to the contrary was erroneous.
§ 438. Charge of the court as to preponderance of evidence; burden of proof to show that a promise to pay the debt of another is not within statute of frauds. A further objection to said charge is, that it required a full' *387 preponderance of evidence to fix the liability of W. A. Reeves. This language is rather too strong. In civil cases, a preponderance of evidence in support of an issue is all that is required. A full preponderance might be construed by a jury to mean more than this, and it is not improbable that the jury so construed it. The correct rule upon this subject is: “ When the undertaking is to pay another’s debt, the burden is on the party who seeks to prove that the undertaking is an original and independent contract, so as to escape the statute. The evidence, to change an existing contract relation between the plaintiff and a third party, and to prove a promise by the defendant to pay the debt of another, as a new and original undertaking, and not a contract of surety-ship, must be clear and satisfactory.” [2 Whart. Ev. § 881.]
November 19, 1884.
Reversed and remanded.