## MILBURN MANUFACTURING CO. v. A. D. TUCKER.

### (No. 5640.)

APPEAL from Haskell County. Opinion by WHITE, P. J.

J. K. LITTLE, counsel for appellant.

No counsel appeared for appellee.

§ **454.** *Statute of frauds; contract held to be not within; case stated.* One Thomas F. Tucker purchased a buggy and harness of appellant at the price of $229, for which sum he executed his note due six months after date. By the terms of said note the title to said property remained in appellant until said note should be fully paid. The property was delivered to said Tucker, and soon after he acquired it he died intestate. At his death his son, appellee, took possession of said property, and agreed with appellant that he would pay off his father's note, or would indorse said note, or would give his own note for the amount, if appellant would let him keep said property; and appellant thereupon permitted him to keep it.

Appellee, however, thereafter refused to pay said note, or to indorse it, or to give his own in lieu thereof, and still retained and used the property. Appellant brought this suit to recover of him the said price of said property, and upon a trial of the case appellee recovered judgment for his costs, the trial court holding that his promise to pay for said property, not being in writing, was void under the statute of frauds, because it was a promise to pay the debt of another. [R. S. art. 2464.] *Held:* The judgment is erroneous. In this state it is not necessary that the consideration of a contract to pay the debt of another should be expressed in writing. When one, for a sufficient consideration, agrees to pay the debt due to another by a third party, the agreement is not within the statute of frauds. [Thomas v. Hammond, 47 Tex. 42; 1 App. C. C. § 786.] Again, if the consideration of the promise is the discharge of an existing debt, and the debt is discharged in consequence of the promise, it is an original contract, which need not be in writing. [Warren v. Smith, 24 Tex. 484; Bason v. Hughart, 2 Tex. 476; 2 App. C. C. § 436.] And if it were conceded that this agreement was within the statute of frauds, another well-settled rule is that, when one refuses to complete an agreement which is void under said statute, after receiving a benefit from part performance, he must pay for what he has received. [Ray v. Young, 13 Tex. 550; Thouvenin v. Lea, 26 Tex. 612.] It would be an iniquitous rule which would allow appellee to keep and use and enjoy appellant's property without paying therefor, and when by his own acts he has rendered it impossible for the appellant to be placed *in statu quo* as to the property. The judgment is reversed and here rendered for appellant for the amount sued for, interest and costs.

April 13, 1889.                    Reversed and rendered.