**KOLLATT v. CLEMENTS et al. (No. 11910.)**

Court of Civil Appeals of Texas. Fort Worth.

Feb. 4, 1928.

Rehearing Denied March 3, 1928.

1. Frauds, statute ⬅of ☞33(3)—Defendant's promise to pay well driller's debt to plaintiffs on condition plaintiffs would not sue driller with ancillary garnishee proceedings against defendant held not within statute of frauds (Rev. St. 1925, art. 3995).

Where defendant promised to pay debt which well driller owed to plaintiffs by verbally accepting well driller's order for such sum, conditioned on plaintiffs' refraining from instituting suit against driller with ancillary garnishee proceedings against defendant, such promise *held* original one to subserve interest of defendant, and unconditional, which did not come within statute of frauds (Rev. St. 1925, art. 3995).

2. Frauds, statute of ☞17—Agreement to take case out of statute of frauds must be founded on sufficient consideration.

Agreement to take case out of statute of frauds must not only be in writing, but, like any other promise binding in law, must be founded on sufficient consideration moving between parties.

Appeal from Wichita County Court; C. M. McFarland, Judge.

Action by J. W. Clements and others against A. W. Kollatt. Judgment for plaintiffs, and defendant appeals. Affirmed.

McDonald & Anderson, of Wichita Falls, for appellant.

Fitzgerald & Hatchitt, of Wichita Falls, for appellees.

CONNER, C. J. This appeal is from a judgment of the county court at law of Wichita county in favor of appellees in the sum of $185. When the case reached the county court on an appeal from a judgment therein, the plaintiffs filed written pleadings in which it was alleged, in substance, that in August, 1925, one Dow, also a party defendant, entered into a contract with his codefendant, Kollatt, appellant herein, by the terms of which Dow agreed to dig an oil well for Kollatt on certain lands in Archer county for the sum of $4,000 in cash and a one-fourth interest in the 40-acre lease on which the well was to be drilled, contingent, however, on the diligent and timely drilling of such well by the defendant Dow to a depth of 1,450 feet, or to oil or gas in paying quantities at some lesser depth; that some days later the defendant Dow, in the execution of his contract with Kollatt, contracted with the plaintiffs Clements and Huffhines to deliver certain drilling machinery, equipment, and supplies for an agreed price, of which the sum of $185 Dow had failed and refused to pay.

The plaintiffs further alleged that upon soliciting Dow for payment he gave the plaintiffs a written order on the defendant Kollatt for said sum, which Kollatt verbally accepted, conditioned upon plaintiffs refraining from instituting a suit against Dow with ancillary garnishee proceedings against him (Kollatt), which condition plaintiffs complied with. The plaintiffs further alleged, in substance, that the defendant Dow, pursuant to his contract with Kollatt, drilled a well to a depth of 1,379 feet, at which depth the well appeared nonproductive, whereupon Dow surrendered his contract with Kollatt and all

rights thereunder, on the agreement of Kollatt to drill such well to the depth of 1,600 feet and to pay off all bills and accounts then due and owing by the defendant Dow, including the amount due plaintiffs, to wit, $185.

The defendant Dow failed to file any pleadings, but the defendant Kollatt pleaded a general demurrer, a general denial, and the statute of frauds.

The trial court filed findings of fact and conclusions of law, to which no exception seems to have been taken, which fully support the plaintiffs' allegations, and thereon rendered judgment for the plaintiffs in the suit. From this judgment defendant Kollatt alone has appealed.

[1] While several assignments of error are directed to complaints of the court's findings of appellant's promise to pay the debt of appellees, the evidence, we think, fully supports the court's findings in respect to such promises, so that the only material question presented for our consideration is whether the alleged promises of appellant come within the statute of frauds. The statute referred to (article 3995, Rev. Stats. 1925) provides, so far as necessary to quote, that:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:  *  *  *

"To charge any person upon a promise to answer for the debt, default or miscarriage of another."

[2] Our Supreme Court, in the case of Hill v. Frost, 59 Tex. 25, had under consideration the statute in question, and states the doctrine, so far as involved in this case, supported by the great weight of authority, as follows:

"The agreement to take the case out of the statute must not only be in writing, but, like any other promise binding in law, must be founded upon a sufficient consideration moving between the parties.  *  *  *  If the promise is merely collateral and auxiliary to the original debt, it would be nothing more than a verbal agreement to pay the debt of another, and is within the statute."

In the case before us it is vigorously insisted that the promises of appellant as alleged, if accepted as true, are collateral promises only, and hence of no legal effect under the statute; the case of Williams v. City National Bank, 166 S. W. 130, by this court, being cited and pressed upon us. By an examination of that case it will appear that a milling company had sold to Cowan Bros. certain flour and meal which Williams later purchased from the Cowans, and that Malone, the agent of the milling company, demanded of Williams payment on a balance due on the flour and meal by Cowans Bros., declaring that he (Malone) would sue and attach the same for said milling company unless Williams paid. The findings were that the only promise made by Williams was that he would pay the account "if Cowan Bros. did not do so." As to this court said:

"It thus appears that Williams' promise to pay the debt was supported by a sufficient consideration passing from the milling company. But it further appears that his contract to pay the debt was that of guarantor only. His promise was not unconditional, but was conditioned upon the failure of Cowan Bros. to pay, and therefore was collateral. The question, then, is whether or not a valuable consideration passing from the milling company to Williams would take the case out of the statute of frauds."

The court held it would not.

The case cited, we think, is clearly distinguishable from the one before us. The trial court's findings, which we think the evidence supports, is to the effect that appellant's promises were not conditional as in the case cited. As found, he accepted the written order of Dow to prevent suit at a time when he (Kollatt) was indebted to Dow in a sum of money in excess of the amount then due the appellees. In addition to this, the court found, and the evidence sustains the finding, that Kollatt unconditionally promised to pay off all bills and accounts then due and owing by the defendant Dow, including the amount due the appellees, if Dow surrendered his contract with Kollatt, which the evidence and findings show Dow in fact did.

In Stearns on Suretyship, § 40, p. 47, the statute of frauds is discussed, and it is said that—

In case of possession of property of a principal debtor by the promisor, "it is generally conceded that the promisor may bind himself verbally to pay the debt of the principal, at least to the extent of the value of the property held by him. This may be said to rest upon the ground that it is merely a promise to pay the creditor what he otherwise would have to pay the debtor, and having the means to satisfy the promise in his own possession, he cannot be injured by any fraud or perjury in establishing such promise, and so the promise is not within the purpose of the statute.

"Such an arrangement is not merely a promise to pay the debt of another but to pay his own debt in a particular way."

The same author, in section 42, p. 50, says that a verbal acceptance is not within the statute where the acceptor holds funds of the drawer to meet the bill; for it is merely a promise by the acceptor to discharge his obligation to the drawer by paying his creditor.

In the case here the appellees sued Dow and took judgment against him, as well as appellant, and some of the authorities are to the effect that the verbal promise to take the case out of the statute must be such as to extinguish the sum due the original debtor. But in this case we have no answer filed by

Dow, and judgment against him was by default, and there is no evidence relating to the question of whether by agreement the appellees' debt against Dow was extinguished, in terms, by the promise of appellant. It is clear that, had appellant complied with his promise and paid appellees, the effect would have been to extinguish all claims of appellees against Dow, and we think it may be said with reason that appellant's absolute promise had that effect as a matter of law. But, regardless of this, the author just cited, in section 37, p. 43, says:

"If a promisor has put himself in the position of an original purchaser by becoming jointly liable with the principal debtor to whom the goods were delivered, it is the undoubted policy of the statute not to require such contract to be in writing, although the promisor's liability thereby becomes coexisting and coextensive with that of the principal.

"It is not necessary in order to make two persons original promisors that they shall be under equal obligations to pay the debt as between themselves. One may be an accommodation party as to the other and yet be an original debtor as to the creditor."

In Clark on Contracts (3d Ed.) p. 82, it is said:

"A promise which contemplates payment out of the debtor's property in the hands of the promisor is not within the statute.

"Nor, according to the weight of authority, does the statute apply where the leading object of the promisor is to subserve some purpose of his own, and his promise is merely incidental."

We conclude that, as shown by the court's findings and evidence, appellant's promise was original and not collateral, one to subserve an interest of his own and unconditional, and hence that the trial court's findings of fact and conclusions of law must be adopted and the judgment affirmed.

On Motion for Rehearing.

It is insisted that we erred in stating in our original opinion that no exception had been made to the court's findings of fact. We had examined the record and found that no exception to the findings had been noted in the judgment of the court. Such exceptions are only to be found in appellant's motion for a new trial, upon which no ruling of the court appears to have been invoked or made, and in the assignments of error. Hence we made the statement now complained of. However, as may be seen from our original opinion, we nevertheless proceeded on the theory, according to some authorities, that a finding without evidence to support it would be fundamentally erroneous, and carefully considered the evidence as presented in the statement of facts, and concluded that the court's findings were sufficiently supported.

We yet retain that opinion, and hence the inaccuracy, if any, complained of, is wholly immaterial.

In other particulars as well, we retain the views originally expressed, and the motion for rehearing is accordingly overruled.