

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-75,898

In re MATT JOHNSON, JUDGE OF THE 54TH DISTRICT COURT OF McLENNAN COUNTY, TEXAS, Relator

v.

COURT OF APPEALS FOR
THE TENTH JUDICIAL DISTRICT OF TEXAS,
Respondent

ON PETITION FOR A WRIT OF MANDAMUS
IN CAUSE NO. 10-07-0331-CR FROM THE
TENTH COURT OF APPEALS

KELLER, P.J., filed a dissenting opinion in which MEYERS and HOLCOMB, JJ., joined.

"Undoubtedly, the enforcement of an order issued pursuant to a criminal statute is a criminal

law matter as much as the issuance of the order itself, even if it requires this Court to examine civil

laws in the process."[1] Under *Smith*, the nature of the originally issued order determines whether a subsequent enforcement proceeding involves a criminal law matter. Because the order requiring the withdrawal of inmate funds is an enforcement mechanism for the payment of costs ordered by judgments of conviction in criminal cases, the validity of the withdrawal order is a criminal law matter.

In *Smith*, the trial judge issued an order pursuant to the Code of Criminal Procedure that awarded $2500 in attorneys fees to attorney Smith, who had represented an indigent defendant in a criminal prosecution.[2] Smith then presented the claim to the county auditor for payment.[3] Because the fee award exceeded what was permitted by the county fee schedule, the auditor forwarded the claim to a review board, and after a recommendation from the board, the County Commissioners' Court approved a reduced fee payment of $1700.[4] We explained that, even though the attorney was not attempting to compel a trial judge to *award* attorneys fees, he was attempting to *enforce* a trial judge's award, and an action to enforce an order issued pursuant to the Code of Criminal Procedure was as much a criminal law matter as the original order that was issued.[5]

In *Holmes*, a defendant who was convicted and sentenced to death filed a civil suit that

---

[1] *Smith v. Flack*, 728 S.W.2d 784, 788-89 (Tex. Crim. App. 1987); *see also Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993)(quoting *Smith*); *State ex. rel Holmes v. Third Court of Appeals*, 855 S.W.2d 389, 394 (Tex. Crim. App. 1994)(quoting *Smith*).

[2] 728 S.W.2d at 787. The case also addressed similar claims by other attorneys. *Id.* at 788. For the sake of brevity and clarity, I will focus on the Court's holding with respect to attorney Smith.

[3] *Id.* at 787.

[4] *Id.* at 788.

[5] *Id.* at 788-89.

sought to compel the Board of Pardons and Parole to hold a hearing on his request for clemency.[6] The trial court entered a temporary injunction requiring the Board to hold a clemency hearing on or before August 10, 1993, or reschedule the defendant's execution until such a hearing could be held.[7] The Board appealed to the Third Court of Appeals, and that court granted the defendant's motion to enjoin the State from proceeding with the execution.[8] Though the injunction arose from a civil lawsuit, we held that it was a criminal law matter because it was an order staying the execution of a death sentence.[9]

Court costs assessed in criminal prosecutions have long been considered to be incident to the enforcement of the criminal law.[10] The Code of Criminal Procedure authorizes the imposition and collection of court costs in criminal prosecutions.[11] Indeed, the Code of Criminal Procedure outlines some mechanisms for enforcing the order of payment of costs.[12] Though the statutory basis for the enforcement mechanism at issue here is a section of the Government Code, rather than the Code of Criminal Procedure, it is nevertheless an enforcement mechanism for an order that was issued pursuant to the Code of Criminal Procedure. The court costs in this case were ordered by the judgments of conviction, which were orders issued pursuant to a criminal statute. Because the

---

[6] 885 S.W.2d at 391.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 394.

[10] *Dixon v. State*, 2 Tex. 481, 482-84 (1847).

[11] T EX. CODE CRIM. PROC. arts. 42.15, 42.16.

[12] *Id.*, 43.03 (confinement in jail), 43.09 (work program).

withdrawal order is a mechanism to enforce the judgments, the validity of the withdrawal order is a criminal law matter.

Though the court cites what it believes to be policy reasons to construe the withdrawal order as a civil law matter, those purported policy reasons are not sufficient justification for deviating from our holdings in *Smith* and *Holmes*.

I respectfully dissent.

Filed: October 29, 2008
Publish