**Billy Joe LYONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6-91-059-CR.**

Court of Appeals of Texas,
Texarkana.

June 23, 1992.

Discretionary Review Refused
Nov. 4, 1992.

---

Richard Kline, Houston, for appellant.

Bill Bollard, Asst. County Atty., Bryan, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Billy Joe Lyons appeals his conviction for criminal nonsupport. This cause was consolidated and tried with two other causes involving similar offenses. Appeals in the other cases are currently pending before this Court.

Lyons raises six points on appeal, urging that the trial court erred in denying his motions to dismiss and to quash the information, in refusing to submit a requested special charge to the jury, and in denying a request for a directed verdict. He also contends that the verdict was contrary to the law and the evidence.

Lyons was divorced from Cynthia Marie Lyons on February 17, 1988. The divorce decree ordered Lyons to pay support for Daphyne Nichole Lyons, the minor child of the marriage, in the amount of $288.00 per month. Lyons failed to make any of the monthly payments required by the court order. He was charged with violation of TEX.PENAL CODE ANN. § 25.05 (Vernon 1989).[1] Among other things, the evidence showed that Lyons failed to make any payment on February 1, 1989, March 1, 1989, and April 1, 1989. The jury found Lyons guilty of each offense and assessed punishment at one year in the county jail, probated for two years, in each cause, the sentences to run concurrently. The instant case is concerned only with the charge of nonsupport on March 1, 1989.

Lyons first argues that the information was based on an incorrect theory of law and that, because the court refused to grant his motion to dismiss the information, he was denied due process and equal protection and was ordered imprisoned for debt. He also urges that, because the information failed to define the word "support," the court erred in denying his motion to quash.

The information charges in relevant part that, on February 1, 1989, Billy Joe Lyons intentionally and knowingly "failed to provide support for his child, Daphyne Nichole Lyons, who is subject of a court order requiring support from said Billy Joe Lyons." The applicable statute provides that an individual commits an offense if he "intentionally or knowingly fails to provide support for his child younger than 18 years of age, *or for his child who is the subject of a court order requiring the individual to support the child.*" TEX.PENAL CODE ANN. § 25.05(a) (emphasis added). Thus, the information closely tracks the statute.

■ Lyons contends he was tried under an incorrect interpretation of the law because he was convicted for failure to pay specifically ordered amounts of child support, whereas the statute only criminalizes failure to "support" a child who is the subject of a child support order. We disagree. The information charged Lyons with failing to "support" his child. The jury charge required the jury to find that Lyons failed "to support" his child, who was the subject of a court order. The evidence is sufficient to support a finding that he failed to support his child on the dates alleged. Lyons was not charged with

1. TEX.PENAL CODE ANN. § 25.05 (Vernon 1989) provides:

    (a) An individual commits an offense if he intentionally or knowingly fails to provide support for his child younger than 18 years of age, or for his child who is the subject of a court order requiring the individual to support the child.

    (b) For purposes of this section, "child" includes a child born out of wedlock whose paternity has either been acknowledged by the actor or has been established in a civil suit under the Family Code or the law of another state.

    (c) Under this section, a conviction may be had on the uncorroborated testimony of a party to the offense.

    (d) It is an affirmative defense to prosecution under this section that the actor could not provide support for his child.

    (e) The pendency of a prosecution under this section does not affect the power of a court to enter an order for child support under the Family Code.

    (f) Except as provided in Subsection (g) of this section, an offense under this section is a Class A misdemeanor.

    (g) An offense under this section is a felony of the third degree if the actor:

    (1) has been convicted one or more times under this section; or

    (2) commits the offense while residing in another state.

or found guilty of failing to pay a specific amount of court-ordered support.

Lyons complains that the trial court erred in denying his motion to quash the information because it did not define the term "support." He correctly states that Section 25.05 does not define "support," and the term is not defined elsewhere in the Penal Code.

The State points out that before its amendment in 1987, Section 25.05(c) defined insufficient support to mean support less than that needed by a child or spouse to meet the minimal requirements of the child or spouse necessary for food, clothing, shelter, and medical care. The Legislature removed that definition in a 1987 amendment to Section 25.05. The information in the instant case tracks the words of the present Section 25.05. Except in rare exceptions, an indictment that tracks the words of the statute is sufficient. *See Marrs v. State,* 647 S.W.2d 286, 289 (Tex. Crim.App.1983). The information appears sufficient to charge the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant and with a degree of certainty that would give the defendant notice of the particular offense with which he is charged and enable the court, on conviction, to pronounce the proper judgment. That is all that is required. *See* TEX.CODE CRIM.PROC. ANN. art. 21.11 (Vernon 1989). What constitutes "support" is evidentiary, and it is therefore not essential for notice to the accused that the definition be included in the information.

Lyons argues that he was deprived of equal protection in violation of U.S. CONST. amend. XIV and TEX. CONST. art. 1, §§ 3, 3a, because the law, as applied in this case, required him to give preference to the legitimate child of his marriage to Cynthia Marie Lyons to the detriment of his three other minor children born out of wedlock to him and three other women. Section 25.05 does not establish a preference. By its plain language, the statute obligates Lyons to support any child of his, including a child born out of wedlock. A divorce court is not prohibited from ordering support for a child just because there are other children not before the court.

Lyons argues that he was providing some support to his illegitimate children and that he did not comply with the court's order to support Daphyne Nichole because he decided that the other children needed his support more than she did. Contrary to Lyons' contentions, the trial court imposed no disabilities on the illegitimate children. There is no indication that Lyons has ever requested the trial court having jurisdiction over the suit involving the child support to reassess the amount of the support order for Daphyne in light of the needs of the other children to whom he owes support.

Lyons also urges that his conviction constitutes an impermissible imprisonment for debt. We disagree. Imprisonment assessed as punishment for the violation of a statute or court order is not imprisonment for debt, even if the statute or court order has the effect of requiring a payment of money. TEX. CONST. art. I, § 18 commentary, *citing Ex parte Robertson,* 27 Tex.App. 628, 11 S.W. 669 (1889); *Dixon v. State,* 2 Tex. 481 (1847); *see also Freeland v. Freeland,* 313 S.W.2d 943 (Tex.Civ.App.—Dallas 1958, no writ), holding that a child support order does not create a debt within TEX. CONST. art. I, § 18.

Next, Lyons argues that the trial court erred by refusing to submit his requested jury charge that would have imposed upon the State a duty to prove Lyons' inability to support his child, as was required by Section 25.05 prior to its amendment in 1987.

The ability to pay child support is no longer an element of the offense under Section 25.05(a), although it was an element in an earlier version of the statute. In 1985, the Court of Criminal Appeals held that the provision in the statute requiring the defendant to prove his inability to provide support was an unconstitutional shifting of the burden of proof, since ability to support the child was an element of the offense which the State was required to prove. The court severed the offending subsection and left in place the requirement in then Subsection (a) that the State

prove beyond a reasonable doubt that the actor was capable of providing support. The remainder of the statute was left intact. *See Lowry v. State,* 692 S.W.2d 86 (Tex.Crim.App.1985). Subsequently, the Legislature amended Section 25.05 to remove as an element of the offense the question of a defendant's ability to provide support for the child. Thus, the Legislature created an offense of criminal nonsupport of a child in which the ability of a defendant to pay is not an element of the offense.

Section 25.05(d) makes it an affirmative defense that the actor was unable to provide support. In short, the revised statute requires a parent to support his or her child, whether legitimate or illegitimate, who is younger than eighteen years of age or who is the subject of a court order requiring the parent to support the child. The State must prove each of those elements of the statute. The defendant parent can assert as an affirmative defense an inability to provide support. Because there is no duty on the State under the current version of Section 25.05 to prove the ability of a defendant to pay a court-ordered child support payment, Lyons' proposed jury charge, which generally follows Section 25.05 as it existed prior to its amendment in 1987 rather than the current version, was not a correct statement of the law at the time of trial. The court properly refused to submit it. *See Gill v. State,* 670 S.W.2d 758 (Tex.App.—Corpus Christi 1984, pet. ref'd).

Next, Lyons argues that the court erred in denying his request for a directed verdict, thereby impermissibly shifting the burden of proof to the defendant in violation of the ruling in *Lowry v. State,* 692 S.W.2d 86. Lyons insists that under *Lowry* the State has a burden to show that the appellant had the ability to support his minor child. *Lowry,* however, is a preamendment case and is no longer controlling. *See* Tex.Penal Code Ann. § 25.05(d).

Next, Lyons contends that the jury verdict was contrary to the law and the evidence because the State introduced no evidence as to his ability to support his minor child. He argues that the State's attorney acknowledged at trial that the State must prove a defendant's ability to meet this support requirement when, during voir dire, he stated to the jury that the statute (Section 25.05) had been on the books for many years and was not something new. Such an inference, however, cannot be drawn from the cited remarks of the State's attorney. In context, the State's attorney had just asked the panel how many thought it was fair for the State to prosecute people who violate the criminal nonsupport statute. After a response from the panelists, he then stated that the statute had been on the books for many years, was not something new, and had been gaining in popularity. In no sense could his remarks be construed as affirming a duty on the part of the State to prove a defendant's ability to pay. Under the statute, the State has no such burden.

In his final point of error, Lyons argues that the court erred in denying his motion to dismiss the information on the ground that Section 25.05 is unconstitutionally vague and unenforceable. During trial, Lyons' counsel informed the court that the section was vague because it did not define the word "support." Lyons' primary objection was, once again, that the statute does not define the word "support" in the context of support of a minor child. We discussed that issue above.

The judgment of the trial court is affirmed.

GRANT, Justice, concurring.

I have found no Texas cases in which the constitutionality of Tex.Penal Code Ann. § 25.05 has been challenged on the basis that it allows an imprisonment for debt. The cases cited by the majority are all civil contempt proceedings, except for the case of *Dixon v. State,* 2 Tex. 481 (1847). Dixon was jailed for failure to pay a fine for a gambling offense, not for failure to pay child support.

The Texas Supreme Court has stated that the only remedy for enforcing an order for child support is a civil contempt proceeding. *Burger v. Burger,* 156 Tex. 584, 298 S.W.2d 119 (1957); *Ex parte Davis,* 101 Tex. 607, 111 S.W. 394 (1908). In the present case, although there is court-ordered child support, this is not an

**720**

enforcement of that order but is a criminal nonsupport charge against Lyons. The charge is not based on the amount of the child support order.

One of the reasons advanced as to why court-ordered child support does not fall under the prohibition against imprisonment for debt is that it represents a disobedience of a judicial command. *Ex parte Birkhead*, 127 Tex. 556, 95 S.W.2d 953 (1936). Better reasoning is found in *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184 (1953), in which the Supreme Court found that child support and attorney's fees accrued in an effort to collect child support were not mere debts or money judgments within the meaning of the constitutional provision prohibiting imprisonment for debt, but were rather the enforcement of the performance of a legal duty in which the public had an interest. (*Citing Eddens v. Eddens*, 188 Va. 511, 50 S.E.2d 397 (1948).)

There have been numerous Texas cases holding that the payment for child support is not a debt under TEX. CONST. art. I, § 18. All of these holdings have been in civil contempt cases, but the same general reasoning should have application to criminal nonsupport cases. I therefore concur in the result reached by the majority.