Shirley **HERNANDEZ**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 11–91–266–CR.

Court of Appeals of Texas, Eastland.

Nov. 19, 1992.

Rehearing Denied Dec. 17, 1992.

---

Robert I. Hooper, Hooper & Barber, Stephenville, for appellant.

Andy McMullen, Dist. Atty., Hamilton, for appellee.

## OPINION

DICKENSON, Justice.

The jury convicted Shirley Hernandez of felony theft,[1] aggregating the values of nine different motor vehicles [2] having a total value of more than $20,000. The jury assessed her punishment at confinement for 15 years.[3] We reverse and render a judgment of acquittal.

Appellant argues, in three points of error, that: (Point 1) the evidence is insufficient; (Point 2) the trial court erred in failing to charge on the law of parties; and (Point 3) the district attorney's questions and arguments were "egregiously racist and sexist" in violation of TEX. CONST. art. I, §§ 3a and 19. We sustain the first point, and the other points become moot.

### Proof at Trial

Appellant admitted that she went with her boyfriend, Silvano Zuniga,[4] and two male juveniles on July 9 and 11, 1991, and that she was with them when her boyfriend and the two boys stole and damaged nine vehicles on those two nights.[5] The State proved that appellant rode as a passenger in vehicles (4), (5), (6), (7), (8), and (9). She sat in vehicle (3), but it was not running at the time. There was no evidence that she was ever in vehicles (1) or (2). The State argues that the group jointly possessed all nine vehicles which were stolen and damaged.

---

1. TEX.PENAL CODE ANN. § 31.03 (Vernon 1989 & Supp.1992) defines the offense and declares it to be a felony of the second degree when the stolen property has a value of more than $20,000 but less than $100,000.

2. TEX.PENAL CODE ANN. § 31.09 (Vernon 1989) provides for aggregation when there is a continuing course of conduct.

3. TEX.PENAL CODE ANN. § 12.33 (Vernon 1974) provides that a person convicted of a felony of the second degree shall be confined for any term of not less than two, nor more than 20, years. An optional fine of not more than $10,000 is also authorized.

4. Prior to appellant's trial, Zuniga pled guilty and received a 40-year sentence.

5. The vehicles were described in the charge as:

| Date Stolen | Type | Make of Vehicle and Year | | Owner |
|---|---|---|---|---|
| (1)7/11/91 | Auto | Buick | 1980 | Stark |
| (2)7/11/91 | Pickup | Chevrolet | 1981 | Stark |
| (3)7/11/91 | Pickup | Ford | 1991 | Hicks |
| (4)7/09/91 | Auto | Dodge | 1962 | Rutherford |
| (5)7/09/91 | Auto | Chevrolet | 1988 | Aguilar |
| (6)7/11/91 | Auto | Chevrolet | 1987 | Ward |
| (7)7/11/91 | Pickup | Chevrolet | 1970 | Strickland |
| (8)7/11/91 | Pickup | Chevrolet | 1974 | Feist |
| (9)7/11/91 | Auto | Chevrolet | 1985 | Hutchins |

### Charge to Jury

The paragraph of the charge which applied the law to the facts authorized the jury to convict appellant:

[I]f you find from the evidence beyond a reasonable doubt that on or about the 11th day of July, 1991 in Comanche County, Texas, the defendant, Shirley Hernandez, did then and there *intentionally appropriate, by exercising control over,* property, to-wit: [then describing *all nine vehicles joined by the word "and"*], without the effective consent of the owner [describing each owner], and with intent to deprive the owner of the property, and that at that time the defendant knew that the vehicle[s] had been stolen by another person; and

[A]ll of said amounts were obtained pursuant to one scheme and continuing course of conduct, and the aggregate amount of such amounts stolen was at least twenty thousand ($20,000.00), then you will find the defendant guilty of theft, as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant. (Emphasis added)

### Insufficient Evidence

As an appellate court reviewing the sufficiency of the evidence, we must consider all of the evidence in the light most favorable to the jury's verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Ransom v. State,* 789 S.W.2d 572 at 577 (Tex.Cr.App. 1989), *cert. den'd,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). When "the evidence does not conform to the instructions given, it is insufficient as a matter of law." *Nickerson v. State,* 782 S.W.2d 887 at 891 (Tex.Cr.App.1990).

There is no evidence which indicates that appellant exercised any control over vehicles (1) and (2). The charge required proof as to all nine vehicles before the jury was authorized to convict. By not objecting to the charge, the State accepted the burden of proving everything required by the charge. *Nickerson v. State,* supra at 890.

The State cites *Lehman v. State,* 792 S.W.2d 82 at 85 (Tex.Cr.App.1990), in support of its theory that it:

[N]eed not prove each constituent theft of an aggregated theft allegation ... as long as it demonstrates that enough of the property from the indictment was stolen to satisfy the aggregate value allegation.

In *Lehman,* the charge authorized conviction if the jury believed that defendant committed "one or more" of the thefts pursuant to one scheme and continuing course of conduct, so long as the value was more than the minimum value alleged in the indictment. In our case, the charge required the jury to believe that appellant committed all of the thefts. While the jury could have been charged in the disjunctive ["or"], it was charged in the conjunctive ["and"]; the State failed to prove all nine thefts which were described in the charge.

We sustain appellant's first point of error. The evidence is insufficient to support appellant's conviction under the charge given. This results in an acquittal under *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgment of the trial court is reversed, and this court renders judgment that appellant is acquitted.