Hollis Glen **BELCHER**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 03–96–00541–CR.

Court of Appeals of Texas, Austin.

Jan. 23, 1998.

Dib Waldrip, Dist. Atty., New Braunfels, for state.

Before CARROLL, C.J., and JONES and KIDD, JJ.

JONES, Justice.

Hollis Glen Belcher, appellant, was convicted of the state jail felony offense of criminal nonsupport. Tex. Penal Code Ann. § 25.05 (West 1994). He received a sentence of two years' confinement, probated for four years, and a fine. As a condition of community supervision, the trial court required appellant to perform community service and to make restitution of the delinquent child support. Appellant challenges both the legal and factual sufficiency of the evidence to support the jury's verdict. We will affirm the conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

After several years of marriage and the birth of two daughters, Hollis and Trisha Belcher entered into an agreed Final Decree of Divorce. On the same day this decree was signed, the court also signed an Order Withholding From Earnings for Child Support (to Employer). In relevant part both the decree and the withholding order stated:

> IT IS ORDERED AND DECREED that HOLLIS G. BELCHER, JR. is obligated to pay and, subject to the provisions for withholding from earnings for child support specified below, shall pay to TRISHA BELCHER child support of $303.33 per month, with the first payment being due and payable on May 15, 1994, and a like payment being due and payable on the same day of each month thereafter ...

> IT IS ORDERED AND DECREED that any employer of HOLLIS G. BELCHER, JR. shall be ordered to withhold from earnings for child support from the disposable earnings of HOLLIS G. BELCHER, JR. for the support of BRITTANY BELCHER and KELSEY BELCHER ... *Depending on the regularly scheduled wage and salary payments established by the employer, the employer shall be ordered to withhold from earnings for child support on the schedule appropriate to the*

Charles A. Stephens, II, Canyon Lake, for appellant.

*employer's payroll period, as follows: $303.33 monthly, $151.67 semimonthly, $140.00 biweekly, or $70.00 weekly,* provided that the amount of the income withheld for any pay period shall not exceed fifty (50%) percent of HOLLIS G. BELCHER, JR.'s disposable earnings . . .

IT IS FURTHER ORDERED AND DECREED that all amounts withheld from the disposable earnings of HOLLIS G. BELCHER, JR. by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than one hundred (100%) percent of the amount ordered to be paid by this decree, the balance due remains an obligation of HOLLIS G. BELCHER, JR., and it is hereby ORDERED AND DECREED that HOLLIS G. BELCHER, JR. pay the balance due directly to the registry of the court specified below.

(Emphasis added.)

■ Nearly two years later, appellant was charged with failing to provide support for his daughters. At trial, the court's charge instructed the jury to find appellant guilty if they believed beyond a reasonable doubt that:

the defendant . . . intentionally and knowingly[1] fail[ed] to provide support for Brittany Belcher and Kelsey Belcher, on the dates listed below with the respective amounts being past due, and the defendant was then and there subject of a court order requiring him to support said children, to-wit:

| | | | | | |
|---|---|---|---|---|---|
| September | 1 | THRU | September | 30, 1994 | $233.33 |
| October | 1 | THRU | October | 31, 1994 | 23.33 |
| November | 1 | THRU | November | 30, 1994 | 93.33 |
| December | 1 | THRU | December | 31, 1994 | 23.33 |
| January | 1 | THRU | January | 31, 1995 | 23.33 |
| February | 1 | THRU | February | 28, 1995 | 23.33 |
| March | 1 | THRU | March | 31, 1995 | 23.33 |
| April | 1 | THRU | April | 30, 1995 | 23.33 |
| June | 1 | THRU | June | 30, 1995 | 23.33 |
| July | 1 | THRU | July | 31, 1995 | 23.33 |
| August | 1 | THRU | August | 31, 1995 | 163.33 |
| September | 1 | THRU | September | 30, 1995 | 93.33 |
| October | 1 | THRU | October | 31, 1995 | 303.33 |

During most of the thirteen months listed, appellant was employed as a construction worker, and his employer withheld child support of $70 from his weekly paycheck. A jury convicted appellant as charged, and the judge assessed punishment at two years' imprisonment, probated for four years, as well as 150 hours of community service, restitution of $3,906.57, and a fine of $500.00.

## DISCUSSION

■ In his first point of error, appellant complains that the evidence presented is legally insufficient to support a verdict of guilty. In conducting a legal sufficiency review, we determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Crim.App.1981). The statutory elements of the offense of criminal nonsupport are that the defendant (1) intentionally or knowingly (2) "fails to provide support for his child younger than 18 years of age, or for his child who is the subject of a court order requiring the individual to support the child." Penal Code § 25.05(a). Some of the difficulty in dealing with the definition of criminal nonsupport originates from its status as a "continuing offense" committed not by any overt act but by omission or neglect and continuing so long as the neglect continues without excuse. *See Ex parte Beeth,* 142 Tex.Crim. 511, 154 S.W.2d 484, 485 (1941).

### *Statutory Background*

While the Penal Code defines both inten-

---

1. While both the jury charge and the indictment allege appellant's mental state in the conjunctive "and," the nonsupport statute allows the stated mental states to be proven in the disjunctive "or." *See* Penal Code § 25.05(a). The State is allowed to anticipate variances in the proof by pleading alternative "manner and means" in the conjunctive when the proof of any one of the "manner and means" will support a guilty verdict. *See Zanghetti v. State,* 618 S.W.2d 383, 387–88 (Tex.Crim.App.1981).

tionally[2] and knowingly,[3] it does not define the term "support." In attempting to determine what meaning to afford the phrase "fails to provide support," it is helpful to examine recent amendments to the statute. In 1985, the Texas Court of Criminal Appeals ruled a portion of the previous criminal nonsupport statute unconstitutional. *See Lowry v. State,* 692 S.W.2d 86, 87 (Tex.Crim.App. 1985). The earlier statute defined the offense as follows: "intentionally or knowingly fails to provide support *that he can provide* and that he was legally obligated to provide for his children younger than 18 years. . . ." Penal Code, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 922 (Penal Code § 25.05(a), since amended) (emphasis added). Because the statute also contained an affirmative defense of inability to pay, the court decided that the combination of the two provisions impermissibly shifted the burden of proof of an essential element onto the defendant. *Lowry,* 692 S.W.2d at 87. To remedy this problem, the court struck down the affirmative defense of inability to pay, thereby placing the entire burden of proof on the element of ability to pay onto the state. *Id.* at 88. In response, the legislature in 1987 completely removed the defendant's ability to pay as an element of the offense and reinstated the affirmative defense of inability to pay.[4] Act of July 20, 1987, 70th Leg., 2d C.S., ch. 73, § 13, 1987 Tex. Gen. Laws 225, 231–32. Additionally, the legislature deleted from the statute a section that defined "insufficient support" as "support less than the support needed by a child . . . to meet the minimum requirements of the child . . . necessary for food, clothing, shelter, and medical care." *Id.* This provision was not replaced.

Thus, while the previous statute contained an express standard for the extent of support required, the current standard is not specifically defined.[5]

The Texarkana Court of Appeals has decided that the question of what constitutes a "fail[ure] to provide support" is wholly evidentiary. *See Lyons v. State,* 835 S.W.2d 715, 718 (Tex.App.—Texarkana 1992, pet. ref'd). "Support" is commonly defined as a means of livelihood, sustenance, or existence. *Webster's Third New International Dictionary* 2297 (Philip B. Gove ed., 1986). Another source defines "support" as "that which furnishes a livelihood; a source or means of living; subsistence, sustenance, maintenance, or living. In a broad sense the term includes all such means of living as would enable one to live in the degree of comfort suitable and becoming to his station in life." *Black's Law Dictionary* 1439 (6th ed.1990).

▮▮▮ It has been suggested that the criminal nonsupport statute is meant to automatically impose a criminal sanction on any parent who violates the terms of a child support order. *See* 6 Michael Charleton, *Texas Criminal Law* § 14.5 at 177 (Texas Practice 1994). Under this analysis, the 1987 amendment's addition of the language "for his child who is the subject of a court order" not only extended the duty of support to that child, but also incorporated the order itself as the standard against which to measure the parent's support. A comparison with other statutes involving offenses against the family casts doubt on this construction. Under Penal Code § 25.03(a)(1), it is an offense to take or retain a child when one "knows that his

---

2. A person acts intentionally when it is his conscious objective or desire to engage in the conduct or cause the result. Penal Code § 6.03(a).

3. A person acts knowingly when he is aware of the nature of his conduct or that the circumstances exist. Penal Code § 6.03(b).

4. In the 1987 amendments, the legislature also expanded the duty of support to include "his child who is the subject of a court order requiring the individual to support the child." Act of July 20, 1987, 70th Leg., 2d C.S., ch 73, § 13, 1987 Tex. Gen. Laws 225, 231. In the same bill, the legislature also amended section 14.05 of the Family Code to allow for child support beyond the child's eighteenth birthday, if the child is still

in high school. *Id.* § 4 at 226. This is consistent with the foregoing amendment to section 25.05(a) of the Penal Code, because otherwise the Penal Code section would have left a gap for children over 18 who were still in high school.

5. In the present case, appellant did not present a vagueness challenge to the constitutionality of the statute. Accordingly, although we have grave concerns, we take no position on the question. We note that one court of appeals has decided that the statute is not unconstitutionally vague. *See Lyons v. State,* 835 S.W.2d 715, 719 (Tex.App.—Texarkana 1992, pet. ref'd).

taking or retention *violates the express terms of a judgment or order* of a court disposing of the child's custody." (Emphasis added.) Under Penal Code § 25.07(a)(1), a person commits an offense "if, *in violation of an order* issued under Section 3.581, Section 71.11, or Section 71.12, Family Code, the person knowingly or intentionally: ... commits family violence." (Emphasis added.) Considering how explicitly the Legislature incorporates violations of court orders into such statutes when it wants to, it does not appear to us that the legislature intended to adopt child support orders as the sole standard of "support" in the criminal nonsupport statute. This does not mean, of course, that a child support order is not relevant evidence of what the appropriate level of support is, but only that such an order is not *conclusive* evidence.[6] In consideration of all of the foregoing, we must now review whether the jury's decision was rational in light of the evidence presented at trial.

### Points of Error

■ Appellant complains of the sufficiency of the evidence in two groups: (1) the eight months in which the delinquency was alleged to be $23.33 for each month, and (2) the five months in which the delinquency was greater than $23.33.[7] To support the charge of nonsupport, the prosecutor introduced into evidence the "Child Support Module," which is a record maintained by the Comal County District Clerk's Office showing each payment of child support made by appellant. The divorce decree, which states the amount appellant was required to pay each month, was also introduced into evidence. The evidence showed substantial delinquencies in the five months in which the deficiency was alleged to be greater than $23.33. Thus, even if the violation of a child support order does not automatically translate into a violation of Penal Code § 25.05(a), we conclude that, in light of this evidence, a rational trier of fact could have found that appellant "fail[ed] to provide support" for his children during at least some of the five months in question.

■ Additionally, there was evidence that appellant had received letters notifying him of his arrearage in child support. Further, appellant's ex-wife testified that she had brought other charges against appellant, and that he had responded by threatening to retaliate by withholding support payments: "[H]e told me that, if I didn't drop the charges, that I would not be getting child support." From this evidence, we believe a rational jury could have found beyond a reasonable doubt that appellant's failure to support his children during the months in question was intentional or knowing.

■ Appellant asserts that for eight of the thirteen months of nonsupport, the deficiency of $23.33 for each of those months is merely the result of the difference between the allowed withholding pattern of $70 a week and the monthly obligation of $303.33 per month. Because the court authorized the employer to remit payments of $70 a week toward appellant's obligation in both the decree and the withholding order, appellant asserts that the discrepancy is not a violation of the decree, let alone a knowing or intentional failure to provide support. More importantly, appellant contends the State's failure to prove eight of the thirteen alleged incidents of nonsupport requires reversal of the entire conviction. He argues the State must prove that appellant failed to make the child support payments for each and every one of the periods stated in the indictment. We disagree. Even assuming that appellant is correct that he was not delinquent during the eight months in which the alleged deficiency was $23.33 per month, we conclude that under the circumstances present here the conviction need not be reversed.

A line of cases superficially supports appellant's position, holding that when a charging instrument describes an essential element of an offense with unnecessary specificity, the state must prove all details of the specific description. *See Wray v. State,*

---

6. For a nonexclusive list of seventeen factors that may be used in determining the appropriate amount of child support in the Family Code, see Tex. Fam.Code Ann. § 154.123 (West 1996).

7. These five months (September 1994; November 1994; August 1995; September 1995; and October 1995) account monetarily for more than eighty percent of the arrearages charged.

711 S.W.2d 631, 634 (Tex.Crim.App.1986) (where allegation described assault by pointing gun at victim, proof that gun was pointed at different person requires acquittal); *Weaver v. State,* 551 S.W.2d 419, 421 (Tex. Crim.App.1977) (where allegation described use of "Ruger" pistol, proof of use of "Luger" pistol requires acquittal). In these cases, the charging instrument described an essential element of the offense charged with unnecessary detail. However, the purpose behind that line of cases is to ensure that the defendant has adequate notice of the crime with which he has been charged, so he can prepare his defense effectively. *See Worsham v. State,* 56 Tex.Crim. 253, 120 S.W. 439, 444 (1909); George E. Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform,* 38 Baylor L.Rev. 1, 97 (1986). For that purpose to be so thwarted as to require reversal and acquittal in the present case, we would have to conclude that appellant was surprised by the presentation of evidence of nonsupport for the five months in which the alleged deficiency was greater than $23.33 each month. Because those five months were specifically alleged in the indictment, however, the evidence of nonsupport during those months could not have come as a surprise to appellant.

In cases where notice was not an issue, proof of less than all facts alleged in the charging instrument has not required reversal. For example, in discussing notice of a string of alleged thefts, the court of criminal appeals stated:

> [O]nce a defendant has been given proper notice that he must prepare to defend himself against a charge that he has stolen a certain "bundle" of property, there is no reason that he should be acquitted if the evidence shows him guilty of stealing

enough of the "bundle" to make him guilty of the offense charged.

*Lehman v. State,* 792 S.W.2d 82, 84 (Tex. Crim.App.1990). In cases before and after *Lehman,* courts have held evidence sufficient to support a conviction even though it was insufficient to support all criminal incidents charged, as long as the incidents that were proved were enough to make the defendant guilty on the offense charged. *See, e.g., Cook v. State,* 488 S.W.2d 822, 824 (Tex.Crim.App. 1972) (evidence supporting theft of one of four animals charged is sufficient to support conviction); *State v. Weaver,* 945 S.W.2d 334, 335 (Tex.App.—Houston [1st Dist.] 1997, pet. granted) (lack of sufficient evidence to support each of thirty-two complaints of theft does not override other evidence sufficient to support conviction); *Harrell v. State,* 834 S.W.2d 540, 543 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd) (evidence supports conviction for theft of aggregate amount even though evidence is not sufficient to support theft of each of eighty-three checks charged stolen).[8]

We recognize that a theft conviction cannot rest in whole or in part on the theft of property not alleged in the indictment. *Lehman,* 792 S.W.2d at 84. That was not the situation in *Lehman,* however, nor is it the situation in the present case. In *Lehman,* six incidents of theft were alleged, but the evidence was sufficient to support only four of the incidents. *Id.* at 83. Nevertheless, the court concluded that because the four incidents proved would support conviction of the offense, the state's failure to prove the other two incidents did not require reversal of the entire conviction. *Id.* at 84. We find the reasoning of *Lehman* applicable in the present case. Even if eight of the thirteen months of nonsupport for which appel-

---

8. In *Hernandez v. State,* 841 S.W.2d 569 (Tex. App.—Eastland 1992, pet. ref'd), the Eastland Court of Appeals attempted to distinguish *Lehman* by limiting it to situations in which the incidents of theft are charged in the disjunctive. *Id.* at 571. However, *Lehman* itself points out that the state is allowed to anticipate variances in the proof by pleading alternative "manner and means" in the conjunctive when proof of any one of the "manner and means" will support a guilty verdict. *Lehman,* 792 S.W.2d at 84 (citing *Zanghetti,* 618 S.W.2d at 387–88). Furthermore, the

Eastland court used the instructions in the jury charge as the standard against which it measured the sufficiency of the evidence. *Hernandez,* 841 S.W.2d at 571 (citing *Nickerson v. State,* 782 S.W.2d 887, 891 (Tex.Crim.App.1990)). However, the court of criminal appeals recently rejected the use of the wording of a particular jury charge to measure sufficiency of the evidence. *See Malik v. State,* 953 S.W.2d 234, 239–40 (Tex.Crim.App.1997). Accordingly, we decline to adopt the *Hernandez* court's limitation of *Lehman.*

lant was charged were not proved, appellant was also on notice of allegations of nonsupport during the other five months and had no reason to be surprised by evidence presented to support those allegations. Because the evidence is sufficient to support appellant's failure to provide support for his minor children in at least some of the remaining five months, the evidence is sufficient to support the conviction. We overrule point of error one.[9]

■ In his second point of error, appellant challenges the factual sufficiency of the evidence to support the jury's verdict. When the court conducts a factual-sufficiency review, it views all the evidence, including the testimony of defense witnesses, and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996). The court should be appropriately deferential so as to avoid substituting its own judgment for that of the fact-finder. *Id.* at 648; *see Clewis v. State*, 922 S.W.2d 126, 134–35 (Tex.Crim.App.1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd untimely filed). The court is authorized to set aside the jury's determination, even if supported by some probative evidence, when the jury finding is "manifestly unjust." *Jones*, 944 S.W.2d at 647–48.

■ In the present case, appellant offered no proof controverting the child support order as the appropriate level of support, nor contesting the amounts or the delinquency of the five months still in question, but contends only that there was confusion with regard to the amount owed. Appellant asserts that notification letters he received from the District Attorney's office stated amounts in arrearage that were less than the amount shown on the Child Support Module. However, the nonsupport statute does not require that the person know the exact amount of the nonsupport, only that he know he is not providing all

support required. *See* Penal Code § 25.05(a). What is clear from appellant's testimony is that he admits receiving the letters informing him of an arrearage and that these letters gave him notice that he was behind in his child support payments. We conclude, therefore, that the jury's finding that appellant knowingly failed to support his children was not "clearly wrong and unjust."

■ Appellant also challenges the factual sufficiency of the evidence to support the jury's failure to find the affirmative defense that appellant was unable to pay. *See* Penal Code § 25.05(d). At trial, appellant testified concerning his current living conditions, stating that he was living in a two-bedroom trailer and owned a 1977 pickup truck, without insurance. Appellant further testified that he was working part-time and trying to find additional work by looking in the paper every day and contacting people. He stated that his current income was barely enough to cover his food and shelter. On cross-examination, appellant admitted he had not applied for employment at various local employers including a local cement company, amusement park, and several fast-food restaurants, nor had he applied for work with the Texas Employment Commission. In addition, appellant raised the issue of his expected tax return for the previous year, yet failed to bring his W–2 income tax form to show what his income had been. The State offered testimony from Trisha Belcher that appellant was capable of sufficient employment to pay the child support and that he was refusing to pay full support because of his resentment due to previous charges she had filed against him. The record thus contains some evidence on each side of the question of appellant's inability to pay. In consideration of all relevant evidence, we conclude that the judgment is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Patel v. State*, 787 S.W.2d

---

9. Although the court's charge included in the list of delinquencies the months of December 1994 and January 1995, the indictment did not. Appellant did not complain of this inconsistency in the district court, however, and does not raise it on appeal. For those reasons, and for the addi-

tional reason that the two extra months in the charge were both months in which we have assumed without deciding there was no evidence of any delinquency, we conclude that the variance between the indictment and the charge does not require reversal.

410, 411 (Tex.Crim.App.1990). Appellant's second point of error is overruled.

## CONCLUSION

We overrule appellant's points of error challenging the legal and factual sufficiency of the evidence and affirm the conviction.