TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00541-CR







Hollis Glen Belcher Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR96-027, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING






 Hollis Glen Belcher, appellant, was convicted of the state jail felony offense of criminal
nonsupport. Tex. Penal Code Ann. § 25.05 (West 1994). He received a sentence of two years'
confinement, probated for four years, and a fine. As a condition of community supervision, the trial court
required appellant to perform community service and to make restitution of the delinquent child support. 
Appellant challenges both the legal and factual sufficiency of the evidence to support the jury's verdict. We
will affirm the conviction.


FACTUAL AND PROCEDURAL BACKGROUND

 After several years of marriage and the birth of two daughters, Hollis and Trisha Belcher
entered into an agreed Final Decree of Divorce. On the same day this decree was signed, the court also
signed an Order Withholding From Earnings for Child Support (to Employer). In relevant part both the
decree and the withholding order stated:


 IT IS ORDERED AND DECREED that HOLLIS G. BELCHER, JR. is
obligated to pay and, subject to the provisions for withholding from earnings for child
support specified below, shall pay to TRISHA BELCHER child support of $303.33 per
month, with the first payment being due and payable on May 15, 1994, and a like payment
being due and payable on the same day of each month thereafter . . . 

 IT IS ORDERED AND DECREED that any employer of HOLLIS G.
BELCHER, JR. shall be ordered to withhold from earnings for child support from the
disposable earnings of HOLLIS G. BELCHER, JR. for the support of BRITTANY
BELCHER and KELSEY BELCHER . . . Depending on the regularly scheduled wage
and salary payments established by the employer, the employer shall be ordered to
withhold from earnings for child support on the schedule appropriate to the
employer's payroll period, as follows: $303.33 monthly, $151.67 semimonthly,
$140.00 biweekly, or $70.00 weekly, provided that the amount of the income withheld
for any pay period shall not exceed fifty (50%) percent of HOLLIS G. BELCHER, JR.'s
disposable earnings . . . 

 IT IS FURTHER ORDERED AND DECREED that all amounts withheld
from the disposable earnings of HOLLIS G. BELCHER, JR. by the employer and paid
in accordance with the order to that employer shall constitute a credit against the child
support obligation. Payment of the full amount of child support ordered paid by this
decree through the means of withholding from earnings shall discharge the child support
obligation. If the amount withheld from earnings and credited against the child support
obligation is less than one hundred (100%) percent of the amount ordered to be paid by
this decree, the balance due remains an obligation of HOLLIS G. BELCHER, JR., and it
is hereby ORDERED AND DECREED that HOLLIS G. BELCHER, JR. pay the balance
due directly to the registry of the court specified below.



(Emphasis added.)

 Nearly two years later, appellant was charged with failing to provide support for his
daughters. At trial, the court's charge instructed the jury to find appellant guilty if they believed beyond a
reasonable doubt that:


the defendant . . . intentionally and knowingly (1) fail[ed] to provide support for Brittany
Belcher and Kelsey Belcher, on the dates listed below with the respective amounts being
past due, and the defendant was then and there subject of a court order requiring him to
support said children, to-wit:


September 1 THRU September 30, 1994 $233.33

October 1 THRU October 31, 1994 23.33

November 1 THRU November 30, 1994 93.33

December 1 THRU December 31, 1994 23.33

January 1 THRU January 31, 1995 23.33

February 1 THRU February 28, 1995 23.33

March 1 THRU March 31, 1995 23.33

April 1 THRU April 30, 1995 23.33

June 1 THRU June 30, 1995 23.33

July 1 THRU July 31, 1995 23.33

August 1 THRU August 31, 1995 163.33

September 1 THRU September 30, 1995 93.33

October 1 THRU October 31, 1995 303.33



During most of the thirteen months listed, appellant was employed as a construction worker, and his
employer withheld child support of $70 from his weekly paycheck. A jury convicted appellant as charged,
and the judge assessed punishment at two years' imprisonment, probated for four years, as well as 150
hours of community service, restitution of $3,906.57, and a fine of $500.00.


DISCUSSION

 In his first point of error, appellant complains that the evidence presented is legally
insufficient to support a verdict of guilty. In conducting a legal sufficiency review, we determine whether,
after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). The statutory elements of
the offense of criminal nonsupport are that the defendant (1) intentionally or knowingly (2) "fails to provide
support for his child younger than 18 years of age, or for his child who is the subject of a court order
requiring the individual to support the child." Penal Code § 25.05(a). Some of the difficulty in dealing with
the definition of criminal nonsupport originates from its status as a "continuing offense" committed not by
any overt act but by omission or neglect and continuing so long as the neglect continues without excuse. 
See Ex parte Beeth, 154 S.W.2d 484, 485 (Tex. Crim. App. 1941).


Statutory Background

 While the Penal Code defines both intentionally (2) and knowingly, (3) it does not define the term
"support." In attempting to determine what meaning to afford the phrase "fails to provide support," it is
helpful to examine recent amendments to the statute. In 1985, the Texas Court of Criminal Appeals ruled
a portion of the previous criminal nonsupport statute unconstitutional. See Lowry v. State, 692 S.W.2d
86, 87 (Tex. Crim. App. 1985). The earlier statute defined the offense as follows: "intentionally or
knowingly fails to provide support that he can provide and that he was legally obligated to provide for his
children younger than 18 years . . . ." Penal Code, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws
883, 922 (Penal Code § 25.05(a), since amended) (emphasis added). Because the statute also contained
an affirmative defense of inability to pay, the court decided that the combination of the two provisions
impermissibly shifted the burden of proof of an essential element onto the defendant. Lowry, 692 S.W.2d
at 87. To remedy this problem, the court struck down the affirmative defense of inability to pay, thereby
placing the entire burden of proof on the element of ability to pay onto the state. Id. at 88. In response,
the legislature in 1987 completely removed the defendant's ability to pay as an element of the offense and
reinstated the affirmative defense of inability to pay. (4) Act of July 20, 1987, 70th Leg., 2d C.S., ch. 73, §
13, 1987 Tex. Gen. Laws 225, 231-32. Additionally, the legislature deleted from the statute a section that
defined "insufficient support" as "support less than the support needed by a child . . . to meet the minimum
requirements of the child . . . necessary for food, clothing, shelter, and medical care." Id. This provision
was not replaced. Thus, while the previous statute contained an express standard for the extent of support
required, the current standard is not specifically defined. (5)

 The Texarkana Court of Appeals has decided that the question of what constitutes a
"fail[ure] to provide support" is wholly evidentiary. See Lyons v. State, 835 S.W.2d 715, 718 (Tex.
App.--Texarkana 1992, pet. ref'd). "Support" is commonly defined as a means of livelihood, sustenance,
or existence. Webster's Third New International Dictionary 2297 (Philip B. Gove ed., 1986). Another
source defines "support" as "that which furnishes a livelihood; a source or means of living; subsistence,
sustenance, maintenance, or living. In a broad sense the term includes all such means of living as would
enable one to live in the degree of comfort suitable and becoming to his station in life." Black's Law
Dictionary 1439 (6th ed. 1990).

 It has been suggested that the criminal nonsupport statute is meant to automatically impose
a criminal sanction on any parent who violates the terms of a child support order. See 6 Michael Charleton,
Texas Criminal Law § 14.5 at 177 (Texas Practice 1994). Under this analysis, the 1987 amendment's
addition of the language "for his child who is the subject of a court order" not only extended the duty of
support to that child, but also incorporated the order itself as the standard against which to measure the
parent's support. A comparison with other statutes involving offenses against the family casts doubt on this
construction. Under Penal Code § 25.03(a)(1), it is an offense to take or retain a child when one "knows
that his taking or retention violates the express terms of a judgment or order of a court disposing of the
child's custody." (Emphasis added.) Under Penal Code § 25.07(a)(1), a person commits an offense "if,
in violation of an order issued under Section 3.581, Section 71.11, or Section 71.12, Family Code, the
person knowingly or intentionally: . . . commits family violence." (Emphasis added.) Considering how
explicitly the Legislature incorporates violations of court orders into such statutes when it wants to, it does
not appear to us that the legislature intended to adopt child support orders as the sole standard of "support"
in the criminal nonsupport statute. This does not mean, of course, that a child support order is not relevant
evidence of what the appropriate level of support is, but only that such an order is not conclusive
evidence. (6) In consideration of all of the foregoing, we must now review whether the jury's decision was
rational in light of the evidence presented at trial.


Points of Error

 Appellant complains of the sufficiency of the evidence in two groups: (1) the eight months
in which the delinquency was alleged to be $23.33 for each month, and (2) the five months in which the
delinquency was greater than $23.33. (7) To support the charge of nonsupport, the prosecutor introduced
into evidence the "Child Support Module," which is a record maintained by the Comal County District
Clerk's Office showing each payment of child support made by appellant. The divorce decree, which
states the amount appellant was required to pay each month, was also introduced into evidence. The
evidence showed substantial delinquencies in the five months in which the deficiency was alleged to be
greater than $23.33. Thus, even if the violation of a child support order does not automatically translate
into a violation of Penal Code § 25.05(a), we conclude that, in light of this evidence, a rational trier of fact
could have found that appellant "fail[ed] to provide support" for his children during at least some of the five
months in question.

 Additionally, there was evidence that appellant had received letters notifying him of his
arrearage in child support. Further, appellant's ex-wife testified that she had brought other charges against
appellant, and that he had responded by threatening to retaliate by withholding support payments: "[H]e
told me that, if I didn't drop the charges, that I would not be getting child support." From this evidence,
we believe a rational jury could have found beyond a reasonable doubt that appellant's failure to support
his children during the months in question was intentional or knowing.

 Appellant asserts that for eight of the thirteen months of nonsupport, the deficiency of
$23.33 for each of those months is merely the result of the difference between the allowed withholding
pattern of $70 a week and the monthly obligation of $303.33 per month. Because the court authorized the
employer to remit payments of $70 a week toward appellant's obligation in both the decree and the
withholding order, appellant asserts that the discrepancy is not a violation of the decree, let alone a knowing
or intentional failure to provide support. More importantly, appellant contends the State's failure to prove
eight of the thirteen alleged incidents of nonsupport requires reversal of the entire conviction. He argues
the State must prove that appellant failed to make the child support payments for each and every one of
the periods stated in the indictment. We disagree. Even assuming that appellant is correct that he was not
delinquent during the eight months in which the alleged deficiency was $23.33 per month, we conclude that
under the circumstances present here the conviction need not be reversed.

 A line of cases superficially supports appellant's position, holding that when a charging
instrument describes an essential element of an offense with unnecessary specificity, the state must prove
all details of the specific description. See Wray v. State, 711 S.W.2d 631, 634 (Tex. Crim. App. 1986)
(where allegation described assault by pointing gun at victim, proof that gun was pointed at different person
requires acquittal); Weaver v. State, 551 S.W.2d 419, 421 (Tex. Crim App. 1977) (where allegation
described use of "Ruger" pistol, proof of use of "Luger" pistol requires acquittal). In these cases, the
charging instrument described an essential element of the offense charged with unnecessary detail. 
However, the purpose behind that line of cases is to ensure that the defendant has adequate notice of the
crime with which he has been charged, so he can prepare his defense effectively. See Worsham v. State,
120 S.W. 439, 444 (Tex. Crim. App. 1909); George E. Dix, Texas Charging Instrument Law: The
1985 Revisions and the Continuing Need for Reform, 38 Baylor L. Rev. 1, 97 (1986). For that purpose
to be so thwarted as to require reversal and acquittal in the present case, we would have to conclude that
appellant was surprised by the presentation of evidence of nonsupport for the five months in which the
alleged deficiency was greater than $23.33 each month. Because those five months were specifically
alleged in the indictment, however, the evidence of nonsupport during those months could not have come
as a surprise to appellant.

 In cases where notice was not an issue, proof of less than all facts alleged in the charging
instrument has not required reversal. For example, in discussing notice of a string of alleged thefts, the court
of criminal appeals stated:


[O]nce a defendant has been given proper notice that he must prepare to defend himself
against a charge that he has stolen a certain "bundle" of property, there is no reason that
he should be acquitted if the evidence shows him guilty of stealing enough of the "bundle"
to make him guilty of the offense charged.



Lehman v. State, 792 S.W.2d 82, 84 (Tex. Crim. App. 1990). In cases before and after Lehman, courts
have held evidence sufficient to support a conviction even though it was insufficient to support all criminal
incidents charged, as long as the incidents that were proved were enough to make the defendant guilty on
the offense charged. See, e.g., Cook v. State, 488 S.W.2d 822, 824 (Tex. Crim. App. 1972) (evidence
supporting theft of one of four animals charged is sufficient to support conviction); State v. Weaver, 945
S.W.2d 334, 335 (Tex. App.--Houston [1st Dist.] 1997, pet. granted) (lack of sufficient evidence to
support each of thirty-two complaints of theft does not override other evidence sufficient to support
conviction); Harrell v. State, 834 S.W.2d 540, 543 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd)
(evidence supports conviction for theft of aggregate amount even though evidence is not sufficient to
support theft of each of eighty-three checks charged stolen). (8)

 We recognize that a theft conviction cannot rest in whole or in part on the theft of property
not alleged in the indictment. Lehman, 792 S.W.2d at 84. That was not the situation in Lehman,
however, nor is it the situation in the present case. In Lehman, six incidents of theft were alleged, but the
evidence was sufficient to support only four of the incidents. Id. at 83. Nevertheless, the court concluded
that because the four incidents proved would support conviction of the offense, the state's failure to prove
the other two incidents did not require reversal of the entire conviction. Id. at 84. We find the reasoning
of Lehman applicable in the present case. Even if eight of the thirteen months of nonsupport for which
appellant was charged were not proved, appellant was also on notice of allegations of nonsupport during
the other five months and had no reason to be surprised by evidence presented to support those allegations. 
Because the evidence is sufficient to support appellant's failure to provide support for his minor children
in at least some of the remaining five months, the evidence is sufficient to support the conviction. We
overrule point of error one. (9)

 In his second point of error, appellant challenges the factual sufficiency of the evidence to
support the jury's verdict. When the court conducts a factual-sufficiency review, it views all the evidence,
including the testimony of defense witnesses, and sets aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Jones v. State, 944 S.W.2d 642,
647 (Tex. Crim. App. 1996). The court should be appropriately deferential so as to avoid substituting its
own judgment for that of the fact-finder. Id. at 648; see Clewis v. State, 922 S.W.2d 126, 134-35 (Tex.
Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely
filed). The court is authorized to set aside the jury's determination, even if supported by some probative
evidence, when the jury finding is "manifestly unjust." Jones, 944 S.W.2d at 647-48.

 In the present case, appellant offered no proof controverting the child support order as the
appropriate level of support, nor contesting the amounts or the delinquency of the five months still in
question, but contends only that there was confusion with regard to the amount owed. Appellant asserts
that notification letters he received from the District Attorney's office stated amounts in arrearage that were
less than the amount shown on the Child Support Module. However, the nonsupport statute does not
require that the person know the exact amount of the nonsupport, only that he know he is not providing all
support required. See Penal Code § 25.05(a). What is clear from appellant's testimony is that he admits
receiving the letters informing him of an arrearage and that these letters gave him notice that he was behind
in his child support payments. We conclude, therefore, that the jury's finding that appellant knowingly failed
to support his children was not "clearly wrong and unjust."

 Appellant also challenges the factual sufficiency of the evidence to support the jury's failure
to find the affirmative defense that appellant was unable to pay. See Penal Code § 25.05(d). At trial,
appellant testified concerning his current living conditions, stating that he was living in a two-bedroom trailer
and owned a 1977 pickup truck, without insurance. Appellant further testified that he was working part-time and trying to find additional work by looking in the paper every day and contacting people. He stated
that his current income was barely enough to cover his food and shelter. On cross-examination, appellant
admitted he had not applied for employment at various local employers including a local cement company,
amusement park, and several fast-food restaurants, nor had he applied for work with the Texas
Employment Commission. In addition, appellant raised the issue of his expected tax return for the previous
year, yet failed to bring his W-2 income tax form to show what his income had been. The State offered
testimony from Trisha Belcher that appellant was capable of sufficient employment to pay the child support
and that he was refusing to pay full support because of his resentment due to previous charges she had filed
against him. The record thus contains some evidence on each side of the question of appellant's inability
to pay. In consideration of all relevant evidence, we conclude that the judgment is not so against the great
weight and preponderance of the evidence as to be manifestly unjust. See Patel v. State, 787 S.W.2d
410, 411 (Tex. Crim. App. 1990). Appellant's second point of error is overruled.



CONCLUSION

 We overrule appellant's points of error challenging the legal and factual sufficiency of the
evidence and affirm the conviction.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 23, 1998

Publish
1. While both the jury charge and the indictment allege appellant's mental state in the conjunctive "and,"
the nonsupport statute allows the stated mental states to be proven in the disjunctive "or." See Penal Code
§ 25.05(a). The State is allowed to anticipate variances in the proof by pleading alternative "manner and
means" in the conjunctive when the proof of any one of the "manner and means" will support a guilty
verdict. See Zangheti v. State, 618 S.W.2d 383, 387-88 (Tex. Crim. App. 1981).
2. A person acts intentionally when it is his conscious objective or desire to engage in the conduct or
cause the result. Penal Code § 6.03(a).
3. A person acts knowingly when he is aware of the nature of his conduct or that the circumstances exist. 
Penal Code § 6.03(b).
4. In the 1987 amendments, the legislature also expanded the duty of support to include "his child who
is the subject of a court order requiring the individual to support the child." Act of July 20, 1987, 70th
Leg., 2d C.S., ch 73, § 13, 1987 Tex. Gen. Laws 225, 231. In the same bill, the legislature also amended
section 14.05 of the Family Code to allow for child support beyond the child's eighteenth birthday, if the
child is still in high school. Id. § 4 at 226. This is consistent with the foregoing amendment to section
25.05(a) of the Penal Code, because otherwise the Penal Code section would have left a gap for children
over 18 who were still in high school.
5. In the present case, appellant did not present a vagueness challenge to the constitutionality of the
statute. Accordingly, although we have grave concerns, we take no position on the question. We note that
one court of appeals has decided that the statute is not unconstitutionally vague. See Lyons v. State, 835
S.W.2d 715, 719 (Tex. App.--Texarkana 1992, pet. ref'd).
6. For a nonexclusive list of seventeen factors that may be used in determining the appropriate amount
of child support in the Family Code, see Tex. Fam. Code Ann. § 154.123 (West 1996).
7. These five months (September 1994; November 1994; August 1995; September 1995; and October
1995) account monetarily for more than eighty percent of the arrearages charged.
8. In Hernandez v. State, 841 S.W.2d 569 (Tex. App.--Eastland 1992, pet. ref'd), the Eastland Court
of Appeals attempted to distinguish Lehman by limiting it to situations in which the incidents of theft are
charged in the disjunctive. Id. at 571. However, Lehman itself points out that the state is allowed to
anticipate variances in the proof by pleading alternative "manner and means" in the conjunctive when proof
of any one of the "manner and means" will support a guilty verdict. Lehman, 792 S.W.2d at 84 (citing
Zangheti, 618 S.W.2d at 387-88). Furthermore, the Eastland court used the instructions in the jury charge
as the standard against which it measured the sufficiency of the evidence. Hernandez, 841 S.W.2d at 571
(citing Nickerson v. State, 782 S.W.2d 887, 891 (Tex. Crim. App. 1990)). However, the court of
criminal appeals recently rejected the use of the wording of a particular jury charge to measure sufficiency
of the evidence. See Malik v. State, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997). Accordingly,
we decline to adopt the Hernandez court's limitation of Lehman.
9. Although the court's charge included in the list of delinquencies the months of December 1994 and
January 1995, the indictment did not. Appellant did not complain of this inconsistency in the district court,
however, and does not raise it on appeal. For those reasons, and for the additional reason that the two
extra months in the charge were both months in which we have assumed without deciding there was no
evidence of any delinquency, we conclude that the variance between the indictment and the charge does
not require reversal.



sufficiency of the
evidence and affirm the conviction.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 23, 1998

Publish
1. While both the jury charge and the indictment allege appellant's mental state in the conjunctive "and,"
the nonsupport statute allows the stated mental states to be proven in the disjunctive "or." See Penal Code
§ 25.05(a). The State is allowed to anticipate variances in the proof by pleading alternative "manner and
means" in the conjunctive when the proof of any one of the "manner and means" will support a guilty
verdict. See Zangheti v. State, 618 S.W.2d 383, 387-88 (Tex. Crim. App. 1981).
2. A person acts intentionally when it is his conscious objective or desire to engage in the conduct or
cause the result. Penal Code § 6.03(a).
3. A person acts knowingly when he is aware of the nature of his conduct or that the circumstances exist. 
Penal Code § 6.03(b).
4. In the 1987 amendments, the legislature also expanded the duty of support to include "his child who
is the subject of a court order requiring the individual to support the child." Act of July 20, 1987, 70th
Leg., 2d C.S., ch 73, § 13, 1987 Tex. Gen. Laws 225, 231. In the same bill, the legislature also amended
section 14.05 of the Family Code to allow for child support beyond the child's eighteenth birthday, if the
child is still in high school. Id. § 4 at 226. This is consistent with the foregoing amendment to section
25.05(a) of the Penal Code, because otherwise the Penal Code section would have left a gap for children
over 18 who were still in high school.
5. In the present case, appellant did not present a vagueness challenge to the constitutionality of the
statute. Accordingly, although we have grave concerns, we take no position on the question. We note that
one court of appeals has decided that the statute is not unconstitutionally vague. See Lyons v. State, 835
S.W.2d 715, 719 (Tex. App.--Texarkana 1992, pet. ref'd).
6. For a nonexclusive list of seventeen factors that may be used in determining the appropriate amount
of child support in the Family Code, see Tex. Fam. Code Ann. § 154.123 (West 1996).
7. These five months (September 1994; November 1994; August 1995; September 1995; and October
1995) account monetarily for more than eighty percent of the arrearages charged.
8. In Hernandez v. State, 841 S.W.2d 569 (Tex. App.--Eastland 1992, pet. ref'd), the Eastland Court
of Appeals attempted to distinguish Lehman by limiting it to situations in which the incidents of theft are
charged in the disjunctive. Id. at 571. However, Lehman itself points out that the state is allowed to
anticipate variances in the proof by pleading alternative "manner and means" in the conjunctive when proof
of any one of the "manner and means" will support a guilty verdict. Lehman, 792 S.W.2d at 84 (citing
Zangheti, 618 S.W.2d at 387-88). Furthermore, the Eastland court used the instructions in the jury charge
as the standard against which it measured the sufficiency of the evidence. Hernandez, 841 S.W.2d at 571
(citing