NO. 07-00-0090-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 28, 2001

______________________________

JOE ALFRED CHAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 47
th
 DISTRICT COURT OF RANDALL COUNTY;

NO. 12,059-A; HONORABLE DAVID L. GLEASON, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Joe Alfred Chavez brings this appeal from his conviction for the felony offense of criminal non-support.  In a single point of error, appellant asserts his trial counsel was ineffective.  Finding he has failed to establish that he was denied reasonably effective assistance of counsel, we affirm.

Appellant and Delilah Chavez were divorced by a decree rendered May 2, 1995.  The decree recited that the couple had two children, Daquirie, then age five, and Jenasia, then age four.  Delilah was named managing conservator and appellant posessory conservator.  The decree also ordered appellant to pay child support in the amount of $250 per month starting in January 1996.
(footnote: 1)  In June 1998, appellant was indicted for the felony offense of criminal non-support.  At a jury trial, the State presented evidence that appellant had not made any child support payments as ordered.  The jury found him guilty and punishment was assessed by the trial court at two years confinement.

Appellant now challenges that conviction alleging he did not receive effective assistance of counsel as required by the state and federal constitutions.  The United States Supreme Court set out the proper analysis for claims of ineffective assistance in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674 (1984).  
See also
 
Hernandez v. State
, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).  The defendant must first show that counsel’s performance was deficient by showing it fell below an objective standard of reasonableness.  
Strickland
, 466 U.S. 688.  He must then affirmatively show that deficient performance resulted in prejudice.  He must show a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Thompson v. State
, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999).  A reasonable probability is one that is sufficient to undermine confidence in the outcome.  
Id.
 

Determining whether a defendant received reasonably effective assistance of counsel must be made on a case-by-case basis after considering the totality of the representation.  
Thompson
, 9 S.W.3d at 813.  There is a strong presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.  
Strickland
, 466 U.S. at 668; 
Thompson
, 9 S.W.3d 813.  Claims of ineffective assistance must be affirmatively shown in the record.  
Id. 
 Without such a showing supporting a claim of ineffectiveness, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process, thereby rendering the result unreliable.  
Ex parte Menchaca
, 854 S.W.2d 128, 131 (Tex.Crim.App. 1993).  

Appellant’s brief sets out a list of specific acts and omissions which he argues, when taken together, show counsel’s conduct fell below the objective standard of reasonableness.  Following the structure of the party’s briefs, we address each in turn.

Pretrial Matters

Appellant initially complains of trial counsel’s failure to object to evidence of his prior convictions under Rules of Evidence 404 and 609 or to obtain rulings on the same evidence before trial.  The State suggests that counsel had legitimate strategic reasons for not objecting to this testimony because it set up an affirmative defense to his child support obligation, that he was unable to pay due to his incarceration.  In order to establish this affirmative defense, it was likely that appellant would have to testify.  His testimony would raise the issue of his credibility and probably allow the State to cross-examine him on his prior criminal history under Rule 609.  Moreover, appellant’s prior imprisonment was recited in the 1995 divorce decree, which was necessarily admitted to prove one of the elements of the offense.  We do not find counsel’s performance in this area deficient.

Voir Dire

Appellant next raises trial counsel’s failure to require an express motion to strike venire member Berg for cause.  He argues this decision was deficient because Berg expressed the opinion that the county bore responsibility for not getting child support for appellant’s children.  When the State “agreed” to let Berg go, appellant did not object or require a motion to strike for cause.  Appellant also questions counsel’s failure to ask the venire whether any members knew one of the prosecutors and failed to question any venire members individually.

With regard to venire member Berg, the State points to other responses given by him which indicated he might not be favorable to appellant.  It contends those responses indicated Berg might be prejudiced against appellant for failure to maintain steady employment to provide for his children.  Additionally, when Berg was asked if he would be able to set aside his personal opinions and decide the case only on the evidence presented at trial, he indicated that he could not.  Taken together, these facts support the conclusion that trial counsel’s decision not to object to the dismissal of Berg was a reasonable trial strategy.

Appellant has not cited any authority supporting his position that failure to inquire whether any venire member knew the State’s co-counsel or to question members of the venire individually was deficient.  He has not cited anything in the record to show that any juror knew co-counsel or was influenced by any acquaintanceship.  He has also failed to make, or even argue, any showing of harm from the failure to question panel members individually. 

Opening Statements

Appellant complains of trial counsel’s failure to give an opening statement. His argument in support of this complaint consists of a three-sentence statement admitting that the failure may have been trial strategy, but “the results showing on the record fail to reveal any strategy at all.” This argument misplaces the burden of establishing a claim of ineffective assistance.  As noted above, the record must “affirmatively demonstrate” alleged ineffectiveness, it will not be inferred.  
Thompson
, 9 S.W.3d 813.  To the contrary, appellant must overcome the presumption that counsel rendered reasonably effective assistance.  This argument fails to do so.

State’s Exhibits 1 and 2

Appellant cites trial counsel’s failure to object to the introduction of State’s exhibits 1 (the 1995 divorce decree), and 2 (records of the court clerk showing no payments had been made pursuant to the decree).  On appeal, appellant argues the exhibits were objectionable because no proper predicate was laid.  The exact nature of his challenge is unclear.  If his challenge is that the documents were hearsay, we disagree.  As official records of the court and district clerk, State’s exhibits 1 and 2 fall within the exceptions set out in Rule 803(6) and (8) of the Rules of Evidence.  If appellant’s challenge is to their authentication, we also disagree.  Under Rule 902(1), the divorce decree was admissible as a public document under seal.  Both exhibits were authenticated by the testimony of the district clerk under Rule 901(b)(7).

Without discussion, appellant claims State’s exhibits 3 and 4, which appeared to be letters written by appellant, were hearsay.  Neither exhibit was introduced into the record.  However, State’s exhibit 3, which purported to make a gift of his social security benefits to Dora Barrera, was read into the record without objection.  Although its authenticity was a question before the jury, under Rule 801(e)(2)(A), the statement is not hearsay because it was an admission of a party-opponent.  The failure to object to this exhibit did not fall below an objective standard of reasonableness.

State’s Voir Dire Statement as to Burden 

In his next challenge, appellant argues trial counsel did not object when the prosecution improperly stated that appellant had a duty to call witnesses.  The record does not support this contention.  The record shows that the prosecution only stated that if appellant sought to assert the affirmative defense of inability to pay, he bore the burden of establishing that affirmative defense.  This is a correct statement of the law and does not form the basis of an objection.  
See
 Texas Penal Code § 25.05(d) (Vernon 1994); 
Belcher v. State
, 962 S.W.2d 653, 660 (Tex.App.--Austin 1998, no pet.).

Failure to Develop Testimony

Appellant cites trial counsel’s failure to “attack the credibility” of witnesses from the District Clerk’s office or the Attorney General’s office when they presented conflicting testimony or to argue to the jury that payments were made to the children.  Appellant fails to support his argument with references to the record as required by Texas Rule of Appellate Procedure 38.1(h).  

Barbara Beck testified that the Attorney General’s office garnished appellant’s tax refunds in 1996 and 1997 to recover payments already made by the State to support his children.  This evidence did not conflict with the district clerk’s testimony that appellant had not made any child support payments.

Failure to Object

Finally, appellant alleges trial counsel’s failure to make objections at trial.  However, he fails to identify any conduct at trial meriting objection other than those discussed above.  Without citing any objectionable conduct or evidence, this complaint presents nothing for our review.

After reviewing each of the complaints of his trial counsel’s performance, we cannot conclude that the performance was below an objective standard of reasonableness.  This is so even when the alleged deficiencies are taken cumulatively.  We overrule appellant’s point of error and affirm the trial court’s judgment. 

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
The start of this obligation was delayed because appellant was in prison at the time of the decree.