**AFFIRMED; Opinion Filed November 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01622-CR

**TYRA WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80898-08**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

Appellant Tyra Williams appeals from the judgment adjudicating her guilty of criminal nonsupport. Appellant asserts two points of error: (1) the trial court violated her right to due process by failing to pronounce her guilty and pronounce punishment in her presence; (2) the evidence was legally insufficient to support a finding of guilt; and (3) the trial court erred in failing to find sufficient evidence to support appellant's affirmative defense. Finding no merit in appellant's arguments, we affirm the trial court's judgment.

### BACKGROUND

On May 27, 1990, appellant and Kevin Ward had a child named Chelsea Ward. In 1996, Ward filed a paternity suit to establish his paternity and, as a result, certain rights and responsibilities were determined regarding the parent-child relationship. Specifically, Ward was named the sole managing conservator of the child and appellant was ordered to pay support in

the amount of $275 per month until the child turned eighteen and graduated from high school or was otherwise emancipated. The payments were scheduled to begin on January 23, 1998, and would continue until the child turned eighteen and graduated from high school.

Although appellant initially paid her child support obligations, those payments stopped after approximately eighteen months. In 2002, criminal nonsupport charges were filed against appellant. Appellant was held in contempt, placed on probation and eventually served time for failure to pay court-ordered child support. A judgment was entered for child support arrearage in the amount of $6,500.42. After being released from jail, appellant's child support payment obligations resumed but she either failed to make payments or made sporadic payments.

In January 2008, appellant was indicted for intentionally and knowingly failing to provide support for Chelsea. At that time, appellant was in arrears of her child support obligations in excess of $15,000.00. Appellant testified that she gave money and clothes directly to her daughter instead of making child support payments. A representative of the Child Support Division of the Texas Attorney General's Office testified that delinquency letters and questionnaires were sent to the appellant on multiple occasions. The delinquency letters advised her that she was delinquent on payments and the questionnaires were to help determine why she was unable to pay. Appellant testified that she lost her job, had difficulty finding employment, and suffered an injury in 2007 which prevented her from seeking employment for almost a year. However, appellant also testified that she never called the Child Support Division or responded to the letters.

Following the conclusion of the trial on October 28, 2010, the court found the appellant guilty of the offense of criminal nonsupport:

> Back on the record in 380-80898-2008, State of Texas versus Tyra Williams. The Court finds the defendant guilty on the evidence beyond a reasonable doubt in the offense of criminal nonsupport. Punishment is accessed [sic] eighteen months in TDC, but the sentence is suspended. The defendant will be placed on probation

–2–

for a period of two years with the following terms and conditions. Zero fine, the defendant will pay child support through the AG in the amount of $3,743.42. The probation fees are waived. The defendant may report by mail, and the defendant is to provide proof of the child support with each mail-in report.

Following this pronouncement, there was a discussion in the courtroom noting that any child support arrearage, after the appellant was credited for payment of the $3,743.42, would still be owed under the pending civil family law case. The State's attorney then asked the court if the child support was to be paid through probation or through the Attorney General's office. The trial court then stated as follows:

Let me reconsider then. Let me think about this. If y'all will take a seat in here for just a moment, I'm going to make a phone call. So either way, regardless of the criminal matter, the civil stays in place, and the point of the criminal suit was just to put her in jail or not?

Appellant's trial attorney asked that the court reconsider its verdict and the judge took a five minute recess. When the trial judge returned, he stated as follows: "I'm going [to] take this under advisement pending further research so I will let you know." On November 15, 2010, the court affirmed the ruling it made at the end of trial with a written docket entry.

The trial court subsequently granted appellant's writ of habeas corpus on October 28, 2013, which allowed appellant to file an untimely appeal. Appellant then filed a notice of appeal on November 14, 2013.

## ANALYSIS

### I.      The Trial Court Did Not Violate Appellant's Right to Due Process

Appellant argues that the trial court rescinded the verdict it made against appellant when the court took the case under advisement. Appellant further argues that because the trial court rescinded its verdict at the end of trial, appellant's physical presence was required at any later proceedings related to findings of appellant's guilt and punishment. We disagree.

Appellant notes that a trial court must pronounce the defendant's sentence in her presence. TEX. CODE CRIM. PROC. ANN. art. 42.03(1)(a) (West Supp. 2013). Appellant argues that because the trial court pronounced its sentence by docket entry on November 15, 2010, that she was not afforded due process because such sentence was not orally pronounced before her. As an initial matter, the court stated at the end of trial that it was "going [to] take *this* under advisement pending further research so I will let you know." (emphasis added). Based upon the court's use of the word "this," it is not clear what the court was going to take under advisement. The court could have been referring to the sentence but it also could have been referring to appellant's counsel's request that the court reconsider its verdict.

Further, the trial court never stated on the record that it was rescinding its finding of guilt and punishment. Appellant cites no precedent for her assumption that the court rescinded its sentence by taking the matter under advisement. Based upon the record before us, we decline to assume such action was taken by the court. Accordingly, we conclude that appellant was afforded due process because the court pronounced its sentence against her on October 28, 2010. We overrule appellant's first issue.

## II. The Evidence Was Legally Sufficient to Support Appellant's Conviction

### A. Standard of Review

Appellant contends the evidence is legally insufficient to support a finding of guilt for the offense of criminal nonsupport. When an appellant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the

–4–

verdict." *Id.* If the evidence is conflicting, we "'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to that determination." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

## B. Sufficient Evidence for Conviction

A person commits the offense of criminal nonsupport if such person "intentionally or knowingly fails to provide support for the individual's child younger than 18 years of age, or for the individual's child who is the subject of a court order requiring the individual to support the child." TEX. PENAL CODE ANN. § 25.05(a) (West 2011). Although the term "support" is not statutorily defined by the Texas Penal Code, a child support order can provide evidence of what the appropriate level of support is. *See Belcher v. State*, 962 S.W.2d 653, 657-58 (Tex. App.—Austin 1998, no pet.); *Dawson v. State*, No. 05-02-00336-CR, 2003 WL 147746, at *2 (Tex. App.—Dallas Jan. 22, 2003, pet. ref'd) (not designated for publication) ("Although it does not define 'support,' the statute clearly contemplates that a parent's failure to pay the support ordered by a court in a divorce be sufficient evidence to support a conviction for nonsupport."); *Deltuva v. State*, No. 05-05-01325-CR, 2007 WL 1054134, at *9 (Tex. App.—Dallas Apr. 10, 2007, no pet.) (not designated for publication) ("A child support order is relevant evidence of the appropriate level of support.").

Viewing the evidence in the light most favorable to the verdict, there was evidence that appellant intentionally or knowingly failed to support her child. The record clearly demonstrates that appellant failed to make many of her child support payments of $275 per month during the time period of 2002 to 2008.[1] Further, appellant testified that she made no attempt to contact the

---

[1] According to the testimony of Joe Salgado, a field investigator for the Texas Attorney General's Office Child Support Division, appellant was released from jail in May 2002. She served ninety days for failing to make child support payments and was ordered to begin making payments immediately upon her release. Appellant's first payment following her release in May 2002 did not take place until February 2004 in the amount of $26.19. Appellant only made three other payments in 2004 totaling an additional $116. Appellant's wages were regularly

Texas Attorney General's Office to discuss her inability to pay despite the fact that she received letters from them informing her that she was delinquent on payments. Appellant argues that she did "support" her daughter by making over $11,000 in payments during the relevant time period and by giving money and clothes directly to her daughter. Although the court could have concluded that these payments constituted adequate support, it was under no obligation to do so. Instead, the court could have concluded that appellant's occasional provision of clothing or food or money was insufficient. Although the court was not required to consider the child support order conclusive evidence, the court is free to determine that the child support order is the appropriate level of support. *Belcher*, 962 S.W.2d at 658; *Dawson*, 2003 WL 147746, at *2; *Deltuva*, 2007 WL 1054134, at *9.

### III.    The Evidence Was Sufficient to Reject Appellant's Affirmative Defense

In her third issue, appellant argues that the evidence is legally and factually sufficient to support her affirmative defense of inability to pay.

#### A.    Standard of Review

When conducting a legal sufficiency review regarding a defendant's affirmative defense, an appellate court reviews the evidence in the light most favorable to the verdict and only reverses when the evidence conclusively establishes the opposite. *See Wheat v. State*, 165 S.W.3d 802, 806 n. 6 (Tex. App.—Texarkana 2005, pet. dism'd). When conducting a factual sufficiency review regarding a defendant's affirmative defense, an appellate court reviews all of the evidence in a neutral light. *See Clark v. State*, 190 S.W.3d 59, 63 (Tex. App.—Amarillo 2005, no pet.). However, an appellate court may not usurp the function of the factfinder by

---

garnished from February to November 2005 but then no additional payments were made until March 2006. Appellant's wages were again garnished from March to August 2006. From September 2006 through January 2007, appellant made payments through involuntary unemployment collections. After January 2007, no additional payment was received until September 2008. Although appellant's child had turned eighteen by this time, collections continued for the arrearages owed which exceeded $15,000.

substituting its judgment in place of the factfinder's assessment of the weight and credibility of the witnesses' testimony. *Matlock v. State*, 392 S.W.3d 662, 671 (Tex. Crim. App. 2013). Thus, an appellate court may sustain a defendant's factual sufficiency claim only if the court clearly states why the verdict is so against the great weight of the evidence as to be manifestly unjust. *Id.*

## B. Sufficient Evidence to Reject Affirmative Defense

Pursuant to Texas Penal Code Section 25.05, it is an affirmative defense to prosecution that the actor could not provide support for the actor's child. TEX. PENAL CODE ANN. § 25.05(d) (West 2011). The appellant had the burden of proving the affirmative defense by a preponderance of the evidence. *See Howard v. State*, 145 S.W.3d 327, 335 (Tex. App.—Ft. Worth 2004, no pet.). Here, the testimony indicated that appellant failed to make child support payments from 2002 through 2008 with total arrearages in excess of $15,000. Although appellant testified that an injury precluded her for working for over a year, this injury did not take place until 2007. Appellant, however, failed to make her child support payments for years before this event. In addition, appellant testified that she gave money and clothes directly to her daughter and that she chose to do so instead of making child support payments. Accordingly, appellant's own testimony indicates that she had the ability to assist her daughter but elected not to make the required payments. The evidence is both legally and factually sufficient for the factfinder to have rejected appellant's affirmative defense of inability to pay.

## CONCLUSION

We resolve appellant's issues against her and affirm the trial court's judgment.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131622F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TYRA WILLIAMS, Appellant

No. 05-13-01622-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-80898-08.
Opinion delivered by Justice Evans.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 21st day of November, 2014.